## CATHERINE MINIHAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     March 2, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Witness*, Cross-examination.     *Evidence*, Opinion: experts, Relevancy and materiality, Of attempt to intimidate witness.     *Practice, Civil,* Conduct of trial, Exceptions.

A witness, who testified as a medical expert for the defendant at the trial of an action for personal injuries, stated that he had examined the plaintiff in the presence of her own physician and that the plaintiff's physician had taken from his pocket and read to the witness portions of a letter from another physician, a throat and nose specialist, who had examined the plaintiff's nose, and that the witness had taken notes of what the plaintiff's physician read.     On cross-examination the witness stated again that he " took down what " the plaintiff's physician read.     Subject to an exception by the defendant he then was asked, " Well, you said 'swelling.' If . . . [the plaintiff's physician] . . . read a 'marked swelling,' you didn't get that ? " and answered " I have no recollection."     *Held*, that the exception must be overruled, because the plaintiff had a right to cross-examine the witness as to the grounds of his opinion, and that whatever was said at his examination of the plaintiff was competent, even if the inquiry extended to trivial details.

Evidence of an attempt to intimidate an adverse witness in order to dissuade him from testifying is inadmissible in the absence of evidence tending to show some connection of the party, against whom the witness was to testify, with the acts of intimidation.

An exception to a refusal by the judge presiding at a trial to give a certain ruling will not be sustained, even if the ruling states correctly a pertinent proposition of law, if the judge includes the ruling refused in another ruling which he gives at the request of the same party, and also in his charge to the jury substantially the proposition of law stated in the ruling which he refused.

If the judge presiding at a trial in his charge to the jury makes an erroneous statement with regard to a certain portion of the evidence, and, upon his attention being called to the fact, announces that he changes his instructions and corrects the error, an exception to the erroneous statement thus afterward corrected must be overruled.

In the absence of any statement to the contrary in a bill of exceptions, it is to be presumed that a colloquy, therein narrated, between the judge presiding at a trial before a jury and the counsel for one of the parties, which occurred immediately following the charge and referred to certain statements in the charge which in the course of the colloquy the judge corrected, was in the jury's presence and according to the usual course of jury trials.

TORT for personal injuries which were received on the evening of August 31, 1904, when the plaintiff was a passenger on a short four wheeled box car of the defendant on Dorchester

Street in that part of Boston called South Boston, and were due to the car's running off the track and down an embankment. Writ dated October 20, 1904.

The case previously was before this court upon exceptions of the defendant after a verdict for the plaintiff, and is reported in 197 Mass. 367. It was tried a second time before *Sherman,* J.

That part of the bill of exceptions which relates to the testimony of the defendant's medical expert, Dr. Howard A. Lothrop, referred to in the opinion, stated that the witness "testified among other things on direct examination that at an examination made by him of the plaintiff within three or four weeks after the accident, in the presence of Dr. Devine, the plaintiff's attending physician, and one of her witnesses at the trial, Dr. Devine had taken from his pocket a paper which he stated was a letter that he had received from Dr. Timothy J. Reardon, a throat and nose expert, who had examined the plaintiff's nose, and that Dr. Devine stated that he would read to the witness Lothrop a portion of said letter, and that he then did read what purported to be a portion of said letter, but that Lothrop did not see the letter, and that he (Lothrop) took notes of what Dr. Devine read. On the cross-examination of Dr. Lothrop, the plaintiff's counsel held in his hand a written paper in the form of a letter, and the following questions were asked and answers given: Q. Well, you did take down, at all events, what he wrote to Dr. Devine? A. I took down what Dr. Devine read to me. — Q. Well, you said ' swelling.' If Dr. Devine read a ' marked swelling,' you did n't get that? (Objected to by counsel for the defendant. The plaintiff's counsel stated: ' I am testing the witness's recollection.') A. I have no recollection. (The defendant excepted.) — Q. You are not sure you took down everything Dr. Devine read? A. I took down the gist of what he read to the best of my ability. — Q. Will you swear he did not say ' marked swelling '? A. I won't swear one way or the other. I am telling you the truth as well as I can. — Q. You wouldn't say that he didn't say ' marked swelling '? A. I can't say anything different from what I have said."

The defendant offered the testimony of one Delia Lynch, who at the time of the accident and until some time after the first trial of this case had been a neighbor of the plaintiff, and who

testified at both trials to some of the plaintiff's actions after the accident.   The defendant in opening the case had stated in reference to the witness Delia Lynch that it would offer evidence tending to show that after the first trial she had been subjected by the plaintiff and by members of the plaintiff's family, with the knowledge and consent of the plaintiff, to certain indignities and threats amounting to intimidation, and had interrogated Delia Lynch and other witnesses with a view to connecting the plaintiff herself with the alleged intimidation of Delia Lynch, but had failed to show such connection.   On the direct examination of Delia Lynch she was asked :  " Can you connect her in any way — is there any way — did you, in consequence of these events, her following you on the street and other events which took place in connection with her family, did you come to me and make a complaint? " and " Did you, in consequence of anything that was said, go to an attorney? "   Both questions were excluded subject to exceptions by the defendant.

The eighth, twentieth and twenty-seventh rulings asked for by the defendant and referred to in the opinion were as follows :

" 8.  The plaintiff is not entitled in this case to the benefit of the rule of *res ipsa loquitur.*"

" 20.  If the jury believe the defendant's explanation of this accident, namely, that it was due to a combination of the ordinary tilting of the car in such a position as it was when it was derailed, such tilting, however, not being sufficient in itself to cause the derailment, with the presence on the track of some obstruction or thing which was of such a size and character, and which got there at a time and under such circumstances that its presence could not have been foreseen, prevented or detected, or its consequence avoided by the exercise of that high degree of care which the law required of the defendant, its servants or agents, including the motorman and conductor, then the jury should not hesitate in finding a verdict for the defendant."

" 27.  If the jury believes the explanation of this accident offered by the defendant, that is to say, that the derailment of this car was caused by the presence of some small obstruction on the track in combination with an oscillation not in itself dangerous, and that said small object got there after the passage of the car next previous to the car in which the plaintiff was riding, and

could not be perceived by the motorman by the exercise of that high degree of care which he was under an obligation to use, and that after the car struck said obstruction the motorman did all he could to obviate the consequences of the accident, then the plaintiff cannot recover."

Other facts are stated in the opinion. There was a verdict for the plaintiff; and the defendant alleged exceptions.

*W. G. Thompson,* (*S. H. E. Freund* with him,) for the defendant.

*J. E. Cotter,* (*J. F. Creed* with him,) for the plaintiff.

BRALEY, J. The exceptions are to the admission and exclusion of evidence, to the refusals to rule as requested and to a part of the instructions.

The plaintiff clearly had the right to cross-examine the defendant's medical expert as to the grounds of his opinion, including what took place at the examination as to her physical condition, which he conducted in the presence of her physician, and whatever was said or done at the interview was competent even if the inquiry extended to trivial details. Nor does it appear that the method or manner of cross-examination exceeded the discretionary power of the court. *Jennings* v. *Rooney,* 183 Mass. 577, 579.

If the plaintiff attempted to intimidate adverse witnesses, proof of her conduct was relevant, as being in the nature of an admission that her claim was largely groundless, but the defendant, either before or after asking the question excluded, failed to show her connection with the alleged acts of intimidation. Until this essential foundation had been laid, these questions were rightly ruled to be inadmissible.

The plaintiff's due care not having been contested, proof of the derailment of the car in which she was riding as a passenger established *prima facie* the defendant's negligence, until some satisfactory explanation was offered. *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527. After introducing evidence that it was without fault, because the accident happened from causes which it could not reasonably have anticipated, the defendant presented thirty-two requests for rulings, but only the refusal to give the twentieth request has been argued, while the other requests so far as

they were not given have been waived. It is evident, that this request not only was substantially covered by the instructions, but having been embodied in the twenty-seventh request which was given as framed, the defendant fails to show any prejudicial error. *Graham* v. *Middleby*, 185 Mass. 349. While the eighth request was given, it furthermore appears, that the jury were correctly instructed, that unless upon all the evidence, including the fact of the derailment, with the burden of proof upon the plaintiff, they were satisfied of the defendant's negligence she could not recover. *Carroll* v. *Boston Elevated Railway, ubi supra.*

If in the charge the judge inadvertently or erroneously stated that the testimony of the defendant's witnesses was only in partial explanation of the derailment, upon his attention being called to the limitation, he then announced that he changed the instructions, and properly left to the jury the question, whether the explanation as the defendant contended was complete and sufficient. We are not impressed by the argument of defendant's counsel, that the jury neither heard nor understood the modification, to which no exception was taken. The judge at the close of his instructions said, " Now, gentlemen, that is about all the aid I can give you on this question, and we will leave it there, unless the counsel on one side or the other think I have said something I ought not to, or left unsaid something that I ought to have said," It is to be presumed, as the exceptions contain nothing to the contrary, that the colloquy which immediately followed was in the jury's presence and according to the usual course of jury trials. If the defendant was apprehensive that they might not have fully understood the instructions as finally left, it should have asked the judge to have directed their attention more specifically to what there had been said on this point. But not having done so, we assume that in the opinion of experienced counsel there was no reasonable ground for such a request.

The rulings throughout the trial were sufficiently favorable to the defendant, and the exceptions must be overruled.

*So ordered.*