HARRY D. HALL & another *vs.* RUSSELL D. CRANE.

Suffolk. November 12, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes. Waiver.*

A waiver by the indorser of a promissory note of demand upon the maker is not a waiver of notice of the maker's default.

CONTRACT by the holder of five promissory notes against the indorser of the notes who was the payee. Writ in the Third District Court of Eastern Middlesex, dated November 23, 1910.

On appeal to the Superior Court the case was submitted to *Fessenden,* J., upon an agreed statement of facts, by which it appeared that the defendant at the time he indorsed the notes waived demand on the maker of the notes at maturity by writing above his signature the words: "Waive demand," but that he did not either in writing or orally waive notice to him of the failure of the maker to pay the notes at maturity unless his waiver of demand was also a waiver of notice. It further was agreed that no seasonable notice was given to the defendant of the maker's failure to pay the notes at maturity, that the notes were not paid at maturity and that they still remained unpaid. It was agreed that, if the defendant by his waiver of demand waived notice, judgment was to be entered for the plaintiffs in the sum of $90 with interest from the date of the writ and costs; and that, if the defendant did not so waive notice, judgment was to be entered for the defendant.

The judge ordered judgment for the defendant; and from the judgment entered in accordance with that order the plaintiffs appealed.

The case was submitted on briefs.

*J. F. Lynch,* for the plaintiffs.

*H. F. R. Dolan & J. H. Morson,* for the defendant.

HAMMOND, J. At the time of the indorsement the defendant made a written waiver of demand; and the only question is whether as matter of law that was a waiver of notice. Plainly it was not.

The liability of an indorser is conditional, the conditions being first, that at the maturity of the note there shall be a demand upon the maker for payment, and second, that if the note be not then paid due notice thereof shall be given to the indorser. And these two conditions are distinct and independent of each other. Either can be waived and the other insisted upon. Neither upon principle nor by the great weight of authority is a waiver of one without more a waiver of the other as matter of law. *Berkshire Bank* v. *Jones,* 6 Mass. 524.   R. L. c. 73, § 106.   *Drinkwater* v. *Tebbetts,* 17 Maine, 16.   *Burnham* v. *Webster,* 17 Maine, 50.   Danl. Neg. Instr. (5th ed.) § 1098.   See also *Low* v. *Howard,* 11 Cush. 268, and *Parks* v. *Smith,* 155 Mass. 26, and cases cited.

*Judgment for the defendant.*