<hr/>

ERNEST A. TOURTELLOTTE *vs.* THERESA SAULNIER & another.

Suffolk.    April 2, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Bills and Notes*, Indorser, Maker, Holder. *Notice*. *Evidence*, Competency, Relevancy and materiality. *Practice, Civil*, Ordering verdict.

The payee of a promissory note secured by a mortgage indorsed it for value. At the same time he also signed his name on its face as a joint maker. At some time thereafter the indorsee sent a notice, addressed to the indorser, to an address in a certain city, and the notice never was returned to him; he did not know whether the indorser was at that address or whether he received the notice. The indorsee attempted to see the indorser, but was unable to; and, acting on the advice of a third person, he went to see a certain attorney, who told him that the indorser's affairs were "badly mixed up." In an action subsequently brought by the indorsee upon the note against the original maker and the indorser as such, an amendment to the declaration

was allowed whereby the plaintiff also sought to hold the indorser as a maker. *Held*, that

(1) The indorser was not liable as such: sufficient notice had not been given him by the plaintiff;

(2) The indorser was liable in the circumstances as a maker;

(3) A question, asked of the plaintiff on cross-examination, why he did not originally seek to hold the indorser as a maker, was immaterial and properly was excluded;

(4) There was no error in excluding testimony to show that the plaintiff had not attempted to realize on the mortgage securing the note: the plaintiff was not obliged to do that before commencing the action against the maker;

(5) Certain evidence, to show that the mortgaged property was free of encumbrances when it was conveyed by the indorser to the original maker, was irrelevant and properly was excluded.

In an action in which the declaration contained two counts and there was evidence warranting a verdict for the plaintiff on one of them, a general motion by the defendant that a verdict be ordered in his favor properly was denied.

CONTRACT by the indorsee of a promissory note against the maker and indorser. Writ in the Municipal Court of the City of Boston dated November 16, 1926.

Upon removal to the Superior Court, the action was tried before *Walsh*, J. The plaintiff testified as follows: ". . . he had gone to Sherborn to see the defendant, Saulnier, but was unable to communicate with her, in person, and that before going to Sherborn he had sent a notice to an address on Tremont Street, Boston, addressed to the defendant, Saulnier, although he did not know whether she was there at the time he sent it or in Sherborn, and that he did not know whether she had ever received it or not, but that the letter had never been returned to him. That after sending this letter, we went to Sherborn again and found the defendant was still there. He was advised by the superintendent at Sherborn to see an attorney named Connelly, which he did, and Connelly told him her affairs were badly mixed up. He saw Connelly several times and was told her affairs were not improved." There was no evidence to show when the plaintiff sent such notice. The date of the receipt signed by Benfield, mentioned in the opinion, was April 16, 1923. Other material evidence and an amendment to the declaration are described in the

opinion.   At the close of the evidence, the judge denied a motion by the defendant Saulnier that a verdict be ordered in her favor.   The jury found for the plaintiff in the sum of $783.25.   The defendant Saulnier alleged exceptions.

*J. W. Vaughan,* for the defendant Saulnier, submitted a brief.

*H. B. Squires,* for the plaintiff.

SANDERSON, J.   This is an action of contract on a promissory note dated April 16, 1923, for $1,300, payable in monthly instalments of $25. each, secured by a mortgage of personal property duly recorded.   The note was made to the order of the defendant Saulnier and was indorsed by her.   It also purported to be signed by her and by one Hickey as makers.   In the copy of the note, made part of the record, a seal appears to be opposite the name of Hickey.   In the only count of the declaration as originally filed, the plaintiff sought to hold Hickey as maker and Saulnier as indorser.   Later, by amendment, a count was added seeking recovery against Hickey and Saulnier as makers.   Both counts are stated to be for the same cause of action.   The defendant Saulnier in her answer denied that due notice of protest had been given her, and set up the defence that her name was placed on the face of the note after its delivery to the plaintiff.   The jury found for the plaintiff, and before the verdict was recorded stated, in answer to a question by the judge, that they found Saulnier's name was placed on the note at the time of its purchase. Saulnier alone has filed a bill of exceptions.   No argument has been addressed to us that Saulnier's liability is affected by the seal on the instrument, and we treat any defence which might have been urged on that ground as waived.

The testimony tended to prove that the plaintiff purchased the note from Saulnier, paying her therefor a substantial sum of money.   If it be assumed that the rights of the parties on the first count are to be determined upon the principles applicable to a negotiable promissory note, the evidence was insufficient to justify a verdict against Saulnier charging her as indorser..   Upon the evidence the notice required to hold an indorser had not been given.   G. L. c. 107, §§ 119, 120, 127.   *Hall* v. *Crane,* 213 Mass. 326, 327.

The defendant filed a general motion for the direction of a verdict in her favor. This was properly denied if there was evidence for the consideration of the jury on either count. No motion was made for a directed verdict on each count. See *Gates* v. *Boston & Maine Railroad,* 255 Mass. 297. In *Pizer* v. *Hunt,* 253 Mass. 321, 330, the court said: "Where there are several counts in a declaration for the same cause of action, some of which are good and some bad, and a general finding or verdict is returned, judgment will not be arrested but the finding or verdict may be applied to the good counts only." *West* v. *Platt,* 127 Mass. 367, 371. *Commercial Wharf Corp.* v. *Boston,* 208 Mass. 482, 487.

Saulnier, having become a party to the note as maker when it was purchased by the plaintiff, would be liable in that capacity notwithstanding the fact that she was also an indorser. See G. L. c. 107, § 39, cl. 7. No error appears in the ruling excluding, in the cross-examination of the plaintiff, the inquiry why he did not in the beginning sue Saulnier as maker instead of as indorser. The plaintiff's reasons for not including the second count as a part of the original declaration were immaterial to any issue being tried. The exclusion of the question relating to the property mortgaged to secure the note accompanied by an offer to show that the plaintiff had not attempted to realize on the security presents no reversible error. A person holding a note secured by mortgage is not obliged to attempt to convert the security into money before suing the maker of the note. *Miller* v. *Levitt,* 226 Mass. 330, 331.

The defendant sought to introduce a receipt purporting to be signed by one Benfield stating that "Mrs. Theresa Saulnier has paid her mortgage to me this day and I have discharged the same." The purpose of the evidence was to prove that when Saulnier conveyed the mortgaged property to Hickey it was free from encumbrances. The plaintiff had already testified that he had learned that Benfield at some time held a mortgage on the property, but that he had been told that it had been discharged. There was nothing in his testimony that the defendant was called upon to meet. The receipt was not competent evidence to prove that the

property was unencumbered and the inquiry itself related to an irrelevant fact. The absence of such encumbrance could not affect the defendants' liability as makers.

*Exceptions overruled.*