JOHN FORTUNE *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Barnstable.   November 13, 1929. — March 31, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle, At grade crossing, Violation of statute. *Evidence,* Presumptions and burden of proof.

G. L. c. 90, § 15, requiring that anyone "operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing," does more than establish a rule of due care to be considered in determining the contributory negligence of the operator when injured by a collision of the motor vehicle with a railroad train upon the crossing: violation of that statute is a "violation of the law" within the meaning of G. L. c. 160, § 232, and bars recovery from the railroad corporation in an action by the operator under said § 232.

In an action against a railroad corporation under G. L. c. 160, § 232, for personal injuries sustained by the operator of a motor vehicle in a collision between the vehicle and a train of the defendant at a grade crossing, the burden is on the plaintiff to prove compliance by him with G. L. c. 90, § 15, requiring that anyone "operating a motor

vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing."

In an action against a railroad corporation under G. L. c. 160, § 232, for personal injuries sustained by the operator of a motor vehicle in a collision between the vehicle and a train of the defendant at a grade crossing containing a single track, it appeared that the statutory signals required by G. L. c. 160, § 138, had not been given and that the plaintiff was not guilty of "gross or wilful negligence" contributing to his injuries. The plaintiff testified that, before driving on the crossing, he stopped, walked to it and looked in both directions; that he could see to his right for five hundred feet and to his left for more than a mile; that he saw no train and returned to the vehicle; that he could see to his left for at least a thousand feet throughout the course of his walk; that he started up toward the crossing, increased his speed and then slowed it as he reached the track; that he then looked to the right again, but not to the left; that he drove onto the track; and that, when nearly across, he looked to his left and there saw the train nearly upon him. There was evidence that the train had been proceeding at such a speed that it would go to the crossing in about two minutes from the farthest point from which it could have been seen by the plaintiff in his walk to the track. *Held,* that

(1) The plaintiff was bound by his testimony that he did not look to his left a second time until he was on the track;

(2) Although a finding was warranted that no train was in sight when the plaintiff walked to the track, his conduct thereafter, by reason of his driving the motor vehicle up to and upon the crossing without looking in both directions, was not "cautious" within the meaning of G. L. c. 90, § 15;

(3) The plaintiff's failure to comply with said § 15 barred recovery.

TORT for personal injuries sustained by the plaintiff in a collision between a motor vehicle operated by him and a train of the defendant at a grade crossing known as "Hurd's Crossing" in the town of Orleans. Writ dated May 6, 1926.

At the trial in the Superior Court before *Broadhurst, J.,* the plaintiff relied solely on a fourth count of his declaration containing allegations that the defendant failed to give the statutory signals required by G. L. c. 160, § 138, and that the defendant therefore was liable to the plaintiff under G. L. c. 160, § 232. The defendant's answer contained a general denial and allegations that the plaintiff was guilty of contributory negligence, of "gross and wilful negligence" and of a violation of law. Material evidence is stated in the opinion.

At the close of the evidence, the judge denied a motion

by the defendant that a verdict be ordered in its favor, and the action was submitted to the jury upon the fourth count of the declaration and also upon the following questions:

"1. Did the defendant fail to give the signals required by law?

"2. If it did, did such failure contribute to the collision?

"3. Was the plaintiff guilty of gross negligence or was he acting in violation of law?"

The jury answered the first two questions in the affirmative and the third in the negative and found for the plaintiff in the sum of $4,000. The verdict was recorded subject to leave reserved under G. L. c. 231, § 120. Thereafter the judge denied a motion by the defendant that a verdict be entered in its favor. The defendant alleged exceptions.

G. L. c. 160, § 232, reads as follows:

"If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing such as is described in section one hundred and thirty-eight, and it appears that the corporation neglected to give the signals required by said section, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment as provided in section three of chapter two hundred and twenty-nine, or, if the life of a person so injured is lost, to damages recoverable in tort, as provided in said section three, unless it is shown that, in addition to a mere want of ordinary care, the person injured or the person who had charge of his person or property was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

*M. G. Gonterman,* for the defendant.

*J. M. Graham,* for the plaintiff.

WAIT, J. The evidence would sustain findings as follows: The plaintiff, after driving from a nearby pond to the street and along Cedar Pond Road toward the crossing, stopped

to cover his load. Before driving on, he walked toward the crossing and looked in both directions along the single track roadbed to see if any train were approaching. To his right and rear he could see the track for about five hundred feet, while to the left and front he could see it for a mile or more when at his nearest approach to the crossing, and for at least one thousand and forty-six feet throughout the course of his walk. He saw no train. On returning, he started slowly with considerable noise toward the crossing, then increased his speed, slowing as he reached the track and looking toward his right where, beyond the track, he had to make a somewhat sharp descent on a rough roadway to turn to his right from Cedar Pond Road to Railroad Avenue along which he was to proceed toward Boston. His view to the left was through the celluloid windows of a canvas door which was drawn down. When nearly across the track he looked for the first time to the left, and saw the train almost upon him. Although he was listening, he had not heard the train or any signals from it. The truck was hit about in the middle, but near the rear left wheel. The train was running at between thirty-five and forty miles per hour. This would mean that it would pass from the whistling post to Hurd's Crossing in from twenty-two to twenty-five seconds, and to the crossing from the furthest point from which it could have been seen by the plaintiff on his walk toward the track in about two minutes. The jury well might conclude that no train was in sight when the plaintiff looked as he stood in the road. The testimony that he did not look again to the left until he was upon the crossing comes from the plaintiff himself. He is bound by it. *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405. *Will* v. *Boston Elevated Railway,* 247 Mass. 250. *Creeley* v. *Boston & Maine Railroad,* 263 Mass. 529, 533.

For the purposes of this decision it is assumed in favor of the plaintiff that there was evidence to support a finding that the statutory train signals required by G. L. c. 160, § 138; were not given and that it could not have been ruled as matter of law that the defendant had sustained

the burden of proving that the plaintiff was guilty of gross or wilful negligence contributing to his injury within G. L. c. 160, § 232.   Even with these assumptions in his favor, the plaintiff cannot recover because the evidence shows that he "was at the time of the collision . . . acting in violation of the law, and that such . . . unlawful act contributed to the injury," G. L. c. 160, § 232, in that he was violating G. L. c. 90, § 15, whereby it is required that anyone "operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing."   The statute does more than establish a rule of due care to be considered in passing upon the contributory negligence of one who is injured.   It imposes a penalty for its violation which is incurred if the statute is broken, without regard to whether an accident happens or not.   The burden of proving compliance is on the injured person when seeking recovery for damage resulting from failure to observe the injunction of the statute.   It is a rule of public policy designed to promote the general welfare of travelers upon railroads as well as upon ways.   It is not satisfied when, as here, one so driving has opportunity to observe the approach of a train, and for at least two minutes before reaching a crossing neglects to look in both directions to make certain no train is drawing near, and goes on the crossing with a train close upon him.   Such conduct is not cautious, that is, actively diligent.   As has been stated in *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 145, 146, the law will hold the driver of a motor vehicle to a stricter rule than was applied to horse-drawn vehicles.   See *Creeley* v. *Boston & Maine Railroad*, 263 Mass. 529, 533; *Baltimore & Ohio Railroad* v. *Goodman*, 275 U. S. 66.

It follows that there was error and the exceptions must be sustained.   Under G. L. c. 231, § 124, the order will be

*Exceptions sustained.*
*Judgment for the defendant.*