## CLEVELAND, C., C. & ST. L. RY. CO. v. WEIL.

### No. 4970.

Circuit Court of Appeals, Seventh Circuit.
Dec. 15, 1933.

Petition for Rehearing Withdrawn Jan. 9, 1934.

Sidney C. Murray, Marvin A. Jersild, and Harold E. Christensen, all of Chicago, Ill., for appellant.

Lloyd T. Bailey, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZ-HENRY, Circuit Judges.

SPARKS, Circuit Judge.

The only issue presented and urged in its appeal is whether the trial court erred in not sustaining appellant's motion for a directed verdict.

There is substantial evidence supporting the following facts: Appellant's tracks run through Charleston, Illinois, east and west, and parallel to Railroad Street which is paved and which adjoins the south line of appellant's yards. The tracks cross Division Street which is also paved and forms the west line of appellant's yards, practically at right angles. Second, Third and Fourth Streets parallel Division Street and are respectively one, two and three blocks east of it. The station is on Railroad Street just east of Third Street. Between the station and the tracks which are north of it lies the station platform which extends about two blocks north from Fourth Street. Second and Third Streets terminate at Railroad Street. Third Street extends at least to appellant's south line and is paved. The pavement even extends north to the tracks, and a crossing made of asphalt and wood is maintained by appellant. From the north side of the tracks a roadway made of cinders and dirt, which from appearances is an extension of Third Street through appellant's yards, leads in a northern direction across two industrial tracks, and then veers sharply to the west, but a little to the north and joins Division Street. The record does not disclose who maintained the roadway north of the tracks. Immediately north of, and parallel to the station platform are, in the order named, appellant's main track, a passing track, and a freight track. North of these tracks in the area owned by appellant are a freight house, coal bins, oil tanks, grain elevators, stock pens, and a shipping association. These industries have access to Third Street on the south and to Division Street on the west by means of the road-

way above referred to. This roadway and crossing have been used for many years by trucks, teams, wagons, automobiles, and pedestrians having business with said industries, and by many other people who cared to use it for convenience. The general public had used it for fifty-eight years. The crossing was maintained by appellant, and a standard railroad crossing sign was there erected, and there was also a light maintained where the roadway veered to the west. There was no sign at any place on the roadway or crossing to indicate that it was a private way, nor was there a warning of any kind to trespassers.

On the day of the accident appellee left his home south of the railroad to go to a place about two blocks north of the tracks on Division Street. When he approached the Division Street crossing it was blocked by appellant's freight train standing on the passing track, headed east. After eating breakfast at a nearby restaurant, he found the crossing still blocked by the same train which extended from Division to Third Street without disconnection. He thereupon walked to Third Street, using the station platform as far as it extended. The engine was on the Third Street crossing and blocked two-thirds of it.

As the train had come into the station a valve on top of the locomotive stuck when it was opened and would not close. As soon as the train stopped the engineer climbed upon the running board of the engine and as appellee approached the Third Street crossing, was trying to close the valve by striking it several times with a hammer which weighed from one and a half to five pounds. Appellee saw the engineer thus engaged, and crossed the main track in front of the engine. He then proceeded west along the north side of the locomotive and about two feet from it, between it and the adjoining track. While appellee was yet on the crossing the engineer struck the valve a very hard blow, and the hammer, glancing from the valve, was wrenched from his hand and struck appellee on the head thereby causing the injuries and damage complained of. There is no dispute as to their extent or seriousness.

Appellant urges two reasons why its motion for a directed verdict should have been sustained: (1) Appellee was a trespasser to whom the only duty owed by appellant was to refrain from willfully and wantonly injuring him; (2) Appellant was guilty of no negligence with respect to appellee, even though he were not a trespasser.

We think the jury was warranted under the evidence in finding that the crossing in

50

question had been given over to public use by appellant, and was recognized by it as a public crossing. Erie R. Co. v. Burke (C. C. A.) 214 F. 247; Tutt v. Ill. Cent. R. Co. (C. C. A.) 104 F. 741; Smith v. Pittsburgh & W. Ry. Co. (C. C.) 90 F. 783. By placing a crossing sign at the crossing to warn approaching travellers, the jury was warranted in believing that appellant recognized its character and thus extended an invitation to cross. The public and appellee therefore had a right to rely upon that invitation to the same extent as if the crossing had been formally dedicated to public use. Illinois Cent. Ry. Co. v. Clark, 83 Ill. App. 620; Arizona Copper Co. v. Garcia, 25 Ariz. 158, 214 P. 317; Johnson v. Great Northern Ry. Co., 7 N. D. 284, 75 N. W. 250; Baltimore & Ohio S. W. Ry. Co. v. Slaughter, 167 Ind. 330, 79 N. E. 186, 7 L. R. A. (N. S.) 597, 119 Am. St. Rep. 503; Lake Erie & Western R. R. Co. v. Fleming, 183 Ind. 511, 109 N. E. 753. The cases relied upon by appellant are those in which no crossing was involved or where a private crossing was involved with respect to which there was no evidence of a dedication. The jury in the instant case found that the crossing was a public one, and since that finding was supported by substantial evidence, it necessarily follows that appellee was not a trespasser.

That appellant was guilty of negligence which proximately caused appellee's injury we think there can be no doubt. The fact that appellant's engineer stopped his engine on the public crossing and attempted to make repairs of the nature described at the time when he must have known that members of the public were likely to pass is quite sufficient to support the verdict in this respect. While the occurrence and the result of it were perhaps unusual, they certainly can not be reasonably considered as unforeseeable.

Judgment affirmed.