JOHN J. BROUGHTON, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Essex.      December 4, 1934. — February 28, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* At grade crossing, Gross. *Railroad. Trespass.*

If one killed by a railroad train at a grade crossing of the railroad and a public way was a trespasser upon the tracks, there could be no recovery against the railroad corporation for his death under G. L. (Ter. Ed.) c. 160, § 232, both because his death resulted from conduct on his part "in violation of the law" and because he was not a person entitled to the benefit of the warning signals required by § 138 of said c. 160.

On evidence, at the trial of an action against a railroad corporation under G. L. (Ter. Ed.) c. 160, § 232, for the death of a boy thirteen years of age, that while he was standing between the gates and the nearer tracks at a grade crossing of the railroad and a public way, an engine and freight cars crossed the way upon those tracks, whereupon the gates were raised; that he then ran across those tracks behind the freight cars and, as a result of a failure to ring the bell, as required by § 138 of said c. 160, on the engine of a passenger train crossing the way on the farther tracks, was struck and killed by that train; and that the gates were not down as the passenger train approached and crossed the way, an inference was warranted that when the boy was struck he was a traveller and not a trespasser upon the tracks, and it could not properly have been ruled as a matter of law that he was guilty of gross negligence.

TORT.      Writ dated December 2, 1930.

In the Superior Court, the action was tried before *Goldberg,* J.  Material evidence is described in the opinion.  There was a verdict for the plaintiff in the sum of $4,720.  The defendant alleged exceptions.

*J. DeCourcy, (F. P. Garland* with him,) for the defendant.
*W. E. Sisk,* for the plaintiff.

LUMMUS, J.  In this action by the administrator of the estate of a boy named Morgan A. Broughton, the first count of the declaration was drawn under G. L. (Ter. Ed.) c. 229, § 3, for negligence causing death, and the second count was drawn under G. L. (Ter. Ed.) c. 160, § 232, for

death resulting from a collision with a locomotive engine of the defendant at a crossing of the railroad and a public way at the same grade, to which collision the failure to give the signals required by G. L. (Ter. Ed.) c. 160, § 138, contributed.

The jury returned a verdict for the defendant on the first count, and for the plaintiff on the second count. They found expressly a violation of the provisions of the section last cited, in that the bell on the locomotive engine of the passenger train was not rung when the train was at least eighty rods from the crossing and thence continuously until the train had crossed the way. It was agreed that under G. L. (Ter. Ed.) c. 160, § 139, the defendant had been absolved from any duty of sounding a whistle at the particular crossing.

Where the failure to give the statutory signals contributed to cause death in such a collision, and the person killed was in control of his own movements (*Anthony* v. *Boston & Maine Railroad*, 276 Mass. 392, 396), recovery is precluded, not by mere contributory negligence on his part, but only by conduct on his part, contributing to the collision, which amounts to "gross or wilful negligence" or an act "in violation of the law." G. L. (Ter. Ed.) c. 160, § 232. Sometimes such a violation of law has been the failure to reduce the speed of a motor vehicle to a reasonable and proper rate and to proceed cautiously over the crossing. G. L. (Ter. Ed.) c. 90, § 15. *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101. *O'Meara* v. *Boston & Maine Railroad*, 277 Mass. 315. *Carcione* v. *Boston, Revere Beach & Lynn Railroad*, 278 Mass. 357. *Eisenhauer* v. *Boston & Maine Railroad*, 285 Mass. 439. *Gaboriault* v. *New York, New Haven & Hartford Railroad*, 289 Mass. 36. If when hit the deceased was trespassing upon the railroad track in violation of G. L. (Ter. Ed.) c. 160, § 218, recovery is barred for the further reason that he was not a person entitled to the benefit of the statutory signals at a crossing. Those are intended for the benefit of persons lawfully travelling on a way. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 156, *et seq.* *Sullivan* v. *Hustis*, 237 Mass.

441, 445, 446.  See also *Lynch* v. *Boston & Maine Railroad,*
226 Mass. 522.

The main question presented by the defendant's excep-
tions is whether a verdict for the defendant should have
been ordered on the second count.  The plaintiff's intestate,
a boy thirteen years old, was killed when struck by the
locomotive engine of a passenger train at the grade crossing
of the railroad over Cottage Street in Lynn.  The street
runs north and south, and the train was travelling west from
the Lynn Common station towards Boston.  The defendant
does not argue against the finding that it was derelict in
its statutory duty.  It contends that the boy was not shown
to be a traveller on the way.

The evidence was conflicting.  There was evidence war-
ranting a finding that for half an hour the gates at the cross-
ing had been down much of the time while "shifting" of
freight cars had been done; that as the shifting engine, with
freight cars attached, travelling on the southerly track,
crossed the street, going east towards Lynn Common, the
gates were raised; and that then the plaintiff's intestate,
who had been standing inside the gates on the west side of
the street, south of the tracks, ran across the tracks in a
northerly direction behind the moving freight cars, and was
hit by the passenger train going west towards Boston, on the
northerly track.  There was evidence to justify the express
findings of the jury that the gates were not down as the
passenger train approached and crossed the street.  It
could have been found that there was a causal relation
between the failure to ring the bell and the collision.  It
could not have been ruled as matter of law that the boy
was guilty of gross negligence.

The natural inference is that the boy was a traveller on
Cottage Street, waiting to cross the tracks, not that he had
been walking along the tracks in violation of law.  "Every
presumption both of law and of fact is in favor of innocence
and legality in the absence of evidence to the contrary."
*Janevesian* v. *Esa,* 274 Mass. 231, 233.  *Conroy* v. *Mather,*
217 Mass. 91.  What has been said disposes of all the requests
for instructions.

*Exceptions overruled.*