**CURTISS v. NEW YORK CENT. R. CO.**

No. 418.

Circuit Court of Appeals, Second Circuit.
July 22, 1935.

On June 9, 1932, the commonwealth of Massachusetts was improving a highway

designated Massachusetts state highway No. 9, which in part ran from Ware to Belchertown in that state. Within this portion of the highway a change in course was made which required a piece of entirely new road to be constructed at grade across the single track line of the Boston & Albany division of the defendant's railroad a little north of West Ware. At the crossing the railroad track ran substantially north and south and the new highway about east and west. The work on the highway at and near the crossing had been in progress for some months, and the railroad company had set up whistling posts and slow signs for the guidance of its employees operating its trains at that point. South of the crossing it had set up a resume speed sign for a similar purpose. It had also established the usual railroad crossing sign for the benefit of those crossing its tracks over the new road. The crossing was planked. When approaching the railroad track from the east along the new road, a traveler had on his right, or north, side a bank which inclined upward from a point between three hundred and four hundred feet east of the crossing where it was about level with the surface of the new road to a height four or five feet above that surface some six feet from the easterly side of the railroad track. This bank was covered with bushes and trees ranging from about eight to sixteen feet high. That growth, extending from eight hundred to fifteen hundred feet northerly of the new road, formed a thicket which obstructed the view from the new road of the railroad track in that direction.

To the north of the crossing the railroad track ran for about one thousand feet in three reverse curves, the one immediately to the north being a two-degree curve which was within the first four hundred feet and bore to the east. At a point two or three feet from the easterly rail at the crossing one could see northerly along the track about sixty feet, and at a point about fifteen feet easterly of the same rail and in the new road one could see northerly along the railroad track about twenty feet.

About 9 o'clock in the morning of the day previously mentioned, the plaintiff was driving a heavy truck loaded with gravel westerly toward the crossing along the new road. He was performing his regular work as the employee of a concern under contract with the commonwealth of Massachusetts to haul gravel for building the new road. At that time the road had not been opened to the public for travel.

As the plaintiff approached the crossing, he was sitting in an open cab with his head from five to six feet from the ground. He had come from a gravel pit over the old highway; had turned to the left onto the new road at a junction point from six hundred to eight hundred feet south of the crossing; then had gone on toward the railroad track in third speed. This was his third or fourth such trip that morning and one like many he had made while working for his employer during the previous two weeks. He knew a train was due at the crossing at about that time, but did not remember whether it would be coming from the north or the south. When he turned onto the new road, he looked and listened for an approaching train, but saw none and heard none. When about two hundred feet from the track, he did that again with like result, and likewise when about fifty feet away he looked and listened, but neither saw nor heard any train. He went on to a point about fifteen feet east of the track when, after again looking and listening without discovering a train, he shifted into the slower second speed in his truck and continued on without stopping at a speed of from four to six miles per hour. At that speed he could have stopped his truck within a distance of about two feet. As before stated, he could then see along the track to the north about twenty feet.

His truck, which was of seven-ton size, having a body eight feet wide and eighteen feet long, making the truck twenty-five feet long over all, was within about ten feet of being across and clear of the railroad track when he first noticed a train coming rapidly from the north and from seventy-five to one hundred feet away. He quickly stepped on the throttle in an endeavor to get across without collision, but failed to get clear by about two feet. The train struck the rear part of the truck and then stopped as soon as it could some hundred feet to the south. The plaintiff received the injuries in this collision for which he recovered the judgment appealed from.

The evidence as to whether or not the train gave any signals when approaching the crossing was conflicting, but there was enough to the effect that it did not to justify the jury in so finding. The two questions raised on this appeal are whether or not the defendant owed any duty to the

plaintiff to signal the approach of its train, and whether or not the plaintiff was barred from recovery by section 15 .of chapter 90 of the General Laws (Ter. Ed.) of Massachusetts, in force at the time of the accident.

Jacob Aronson, of New York City, for appellant.

Michael M. Helfgott, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ The law of Massachusetts is the lex loci delicti which governs the action. Young v. Masci, 289 U. S. 253, 53 S. Ct. 599, 77 L. Ed. 1158, 88 A. L. R. 170; Cuba Railroad Co. v. Crosby, 222 U. S. 473, 32 S. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40.

The new road over the crossing, not having been opened to the public at the time of the accident, was a private way, so the appellant urges, in using which the plaintiff was but a licensee and entitled only to have the defendant refrain from injuring him in a wanton and willful manner. If he were but such a licensee, he was entitled to no warning of the approach of the train under Massachusetts law, but on the contrary passed at his own risk so far as the defendant should be negligent only. Wright v. Boston & Albany Railroad Co., 142 Mass. 296, 7 N. E. 866; Coakley v. Boston & Maine Railroad, 159 Mass. 32, 38, 33 N. E. 930; Bourne v. Whitman, 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 701; Sypher v. Director General of Railroads, 243 Mass. 568, 137 N. E. 916.

■■ As the new road was being built by the commonwealth of Massachusetts as part of its system of highways, it is to be presumed that it ran of right across the defendant's tracks. The action of the defendant in placing signs at the crossing was in recognition of this right and of that of workmen constructing the new road to pass over the track at the crossing in performing their work in reliance upon crossing signals being given by the defendant's trains for the safety of such workmen. Such an inducement and invitation to them to cross the track at that point carried with it the correlative duty of the defendant to give the signals the signs called for to warn them of the approach of its trains. Hanks v. Boston & Albany Railroad, 147

Mass. 495, 18 N. E. 218; Murphy v. Boston & Albany Railroad Co., 133 Mass. 121; Sweeny v. Old Colony & Newport Railroad, 10 Allen (Mass.) 368, 87 Am. Dec. 644; O'Connor v. Boston & Lowell Railroad Corp., 135 Mass. 352. The failure to do that was actionable negligence in violation of the duty owed the plaintiff. Davis v. New York, New Haven & Hartford R. R. Co., 272 Mass. 217, 172 N. E. 214. See, also, Cleveland, C., C. & St. L. Ry. Co. v. Weil (C. C. A.) 68 F.(2d) 48.

■ Section 15 of chapter 90 of the General Laws (Ter. Ed.) of Massachusetts provided that: "Every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing." Failure to comply with the statute is punishable by fine. The statute establishes the public policy of Massachusetts relating to the conduct of drivers of motor vehicles passing over railroad crossings. They are subject to the penalty provided if they violate the statute regardless of the happening of- an accident, and, when an accident does occur to the injury of the driver of the motor vehicle, the burden of proving compliance with the statute as a condition precedent to his right to maintain an action against the railroad is upon the person injured. Fortune v. New York, New Haven & Hartford R. R. Co., 271 Mass. 101, 170 N. E. 923. Even so, it was for the jury to determine on the facts here in evidence whether the plaintiff's conduct was or was not in compliance with the statute unless the plaintiff was required as a matter of law to stop before crossing the track. The statute does not in terms so require. It is true that some language in the Massachusetts cases would seem to indicate such a requirement. See O'Meara v. B. & M. R. R., 277 Mass. 315, 178 N. E. 525; Gabori- ault v. New York, New Haven & Hartford R. R. Co. (Mass.) 193 N. E. 564.

We understand, however, that the requirement to stop exists where looking and listening without stopping will not be as effective to obtain information as to whether or not a train is approaching. When a motor vehicle driver can see and hear an approaching train as well without stopping as he could if he stopped, he is under no statutory duty to stop. As was said by the Supreme Judicial Court of Massachusetts in Carcione v. Boston (Revere Beach & Lynn R. R. Co., 278 Mass. 357, 180 N. E.

216, 217): "The statute expects one who slows in obedience to its mandate to move forward thereafter at a speed which will permit stopping if danger seems imminent." This plaintiff did, so the jury might have found, reduce the speed of his truck to from four to six miles per hour, at which speed he could have stopped it within two feet, and, after looking and listening at a point about one-half a truck length from the track without seeing or hearing a train, proceeded across at that speed until the train bore down upon him and he tried to increase speed enough to get clear. Upon this evidence, the trial court correctly declined to rule as a matter of law that the plaintiff violated the statute. Compare Kinghorn v. Penn. R. R. Co. (C. C. A.) 47 F.(2d) 588; Silvey v. Lehigh & N. E. R. R. Co. (C. C. A.) 62 F.(2d) 71.

Judgment affirmed.