JENNIE E. SYLVIA *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

RAYMOND SYLVIA *vs.* SAME.

Bristol. October 26, 1936. — December 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Grade crossing, Railroad, Gross, Contributory. *Railroad*, Grade crossing. *Practice, Civil*, Ordering verdict; Exceptions: whether error harmful, general exception; Discretionary control of evidence. *Pleading, Civil*, Declaration. *Witness*, Cross-examination.

A general motion that a verdict be ordered for the defendant at the trial of an action with a declaration containing more than one count must be denied if the evidence warrants a verdict for the plaintiff on any count.

The mere fact that a count in a declaration set forth two separate causes of action did not require that a verdict for the defendant be ordered on that count.

Upon evidence that a traveller on a public way entered a grade crossing of a railroad when crossing gates were up and when no warning signal of an approaching train was given, a ruling that as a matter of law he was grossly negligent properly was refused, and a finding of violation by the railroad corporation of G. L. (Ter. Ed.) c. 160, § 138, was warranted.

A mere exception to an erroneous comment on evidence by a judge in his charge, without a statement by counsel of the ground of the exception so that the judge might correct his error, was overruled.

No abuse of discretion nor prejudice to the defendant appeared in a refusal to permit a witness for the plaintiff to be asked in cross-examination if he had made any objection to any part of a statement in writing which he had testified he had not read and did not remember being read to him, and which the defendant later introduced in evidence to contradict his testimony.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated October 1, 1929.

The actions were tried before *Swift*, J.    There were verdicts for the plaintiff in the first action on the first and third counts of the declaration in the sum of $5,500, and for the plaintiff in the second action on the same counts in the sum of $100; and for the defendant on the second count in each action.    The defendant alleged exceptions.

*J. J. Whittlesey*, for the defendant.

*E. O. Proctor*, for the plaintiffs.

CROSBY, J.    These are actions of tort to recover for personal injuries sustained by the plaintiff in the first action (hereinafter called the plaintiff) and her minor son, on August 31, 1929, when they were struck by a locomotive of the defendant while upon a crossing at grade on Oak Street, a public way, in Taunton.    The cases were tried in September, 1935, before a judge of the Superior Court with a jury; the jury viewed the scene of the accident.    In each action a verdict was returned for the plaintiff on the first and third counts, and for the defendant on count two.

The amended declarations of the plaintiffs are substantially the same.    In each action count 1 was framed under G. L. c. 160, § 232, charging the defendant with failure to give the signals required by § 138; it also contained a separate allegation, alleging negligence of the defendant in running over the plaintiff, without reference to the statu-

tory signals required to be given. The second and third counts are based upon the common law. In the second is alleged negligence of the gateman of the defendant in failing to lower the gates when the engine was passing over the crossing, and in count three negligence of the defendant in the operation of the locomotive over the crossing, whereby the plaintiffs were injured.

The record disclosed the following evidence favorable to the plaintiffs: At the crossing there are four tracks running northerly and southerly. The plaintiff, accompanied by her two children, Raymond and Dorothy, whose ages were ten and eight respectively, was walking in an easterly direction across the tracks at the time of the accident, which occurred on the westerly track. She testified that as she approached the crossing the gates went up; that she stopped a minute and looked in both directions, and saw a Boston bound train moving northward on the third track from her; and that before she started to cross she saw no other train, nor heard any warning signals. As to this last statement she was corroborated by her daughter, who was fourteen years old at the time of the trial; the minor plaintiff did not remember any of the events directly before the accident. The plaintiff and her daughter testified that the gates were open at the time, and that it appeared safe to cross.

There was other testimony to the effect that the gates at that time were down, and that the train for Boston, which had just pulled out from the Taunton station, was still upon the crossing when the plaintiffs were struck.

One Dale, called by the defendant, testified that he was with a representative of the defendant who interviewed the children; that he took them to the crossing; that Raymond said "This is where Mamma and I went under the gates"; that they then went to the crossing tender's cabin and statements were written out purporting to contain the stories told by the children, and containing references to the plaintiff's stooping under the gates; that Raymond read and signed the statement given by him, and Dorothy signed a statement which was read to both her and her brother. This latter statement was admitted in evidence "only for

the purpose of contradicting her present testimony" and was read by counsel to the jury.

Neither the engineer nor the fireman of the locomotive that struck the plaintiffs knew of the accident until after the engine was brought to a stop just south of the crossing. There was evidence from which it could have been found by the jury that the fireman should have seen the plaintiffs in time to prevent the accident. The locomotive at the speed it was moving could have been stopped within a few feet. It is admitted that no whistle was blown as the engine entered the crossing. The board of railroad commissioners, under what is now G. L. (Ter. Ed.) c. 160, § 139, had prohibited such a warning at this crossing unless necessary to avoid an accident. The engineer and fireman both testified that the bell on the locomotive rang constantly as it passed over the crossing. It was admitted by a witness for the defendant that the moving of a single locomotive at this time of day was of rare occurrence.

At the close of the evidence the defendant's motion for a directed verdict in each case was denied, subject to the defendant's exception. Exceptions were also taken by the defendant to the refusal of the trial judge to give certain instructions, and to portions of the charge.

The minor plaintiff was ten years old and is presumed to have exercised the care of a boy of his age. *Fogg* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 444, 448. *Anthony* v. *Boston & Maine Railroad,* 276 Mass. 392, 396. The jury were correctly instructed that a finding of ordinary negligence of the plaintiffs contributing to their injuries must result in a verdict for the defendant on the second and third counts, but that only gross negligence of the plaintiffs could defeat their recovery under G. L. c. 160, § 232.

The defendant's motion for a directed verdict in each action was general; it was properly denied if there was any evidence upon which the jury could find for the plaintiff upon any count of the declaration. *Tourtellotte* v. *Saulnier,* 267 Mass. 361, 364, and cases therein cited. To prevail

the defendant must show that a verdict should have been directed on each count.

It is suggested by the defendant that the first count in each action states two distinct causes of action, one under G. L. c. 160, § 232, and one at common law, and that for this reason alone the count should not have been submitted to the jury. Assuming that the defendant's contention is correct, even if the plaintiffs might have been compelled to elect between the two causes of action, *Giacomo* v. *New York, New Haven & Hartford Railroad*, 196 Mass. 192, 197, it does not follow that a verdict should have been directed on the first count; the defendant was adequately protected by its right to move that the plaintiffs be required to elect as to the ground on which they sought to recover, or it could have demurred to the first count as framed. *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 35, 36. It is apparent from the instructions to the jury that the first count was considered as having been based upon G. L. c. 160, § 232. It follows that the defendant's contention in this respect cannot be sustained.

As stating a cause of action under G. L. c. 160, §§ 138, 232, the first count would afford the plaintiffs no right to recover if they were found to have been grossly or wilfully negligent, or guilty of some violation of law. The defendant contends that the plaintiffs were grossly negligent as matter of law, and that verdicts should have been directed for the defendant upon that ground. This contention cannot be sustained. The burden of proving such negligence rested upon the defendant, *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474, 476; *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 381; *Klegerman* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 268, 274, and "a court can seldom rule as a matter of law that the proposition is proved." *Kelsall* v. *New York, New Haven & Hartford Railroad*, 196 Mass. 554, 556. *Brusseau* v. *New York, New Haven & Hartford Railroad*, 187 Mass. 84, 85. Compare *Broughton* v. *Boston & Maine Railroad*, 290 Mass. 80, 82. There was evidence to warrant a finding

that the signals were not given. Sometimes it has been ruled that the burden of proof has been sustained, but not in cases where the jury were warranted in finding on the evidence that it had not been sustained. See *Brusseau* v. *New York, New Haven & Hartford Railroad*, 187 Mass. 84, 85; *Kelsall* v. *New York, New Haven & Hartford Railroad*, 196 Mass. 554, 556; *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, 498. The distinction between negligence and gross negligence permits a judge to rule that a plaintiff was negligent as matter of law, but not necessarily guilty of gross negligence. *Creeley* v. *Boston & Maine Railroad*, 263 Mass. 529, and cases cited. The question whether a plaintiff is grossly negligent must be left to a jury where different conclusions might be reached from the evidence presented. *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474.

The defendant also contends that, apart from negligence of the plaintiffs, they were trespassers, and for that reason were precluded from recovery under the statute. See *Broughton* v. *Boston & Maine Railroad*, 290 Mass. 80, 82. This contention cannot be sustained. There was evidence from which it could be found that the plaintiffs were not trespassers but were travellers lawfully passing over the highway. Dorothy Sylvia while passing over the crossing might be found to have been "a little beyond the line of the sidewalk as extended," but she was also upon that part of the crossing finished in asphalt, which could have been found to be for the use of pedestrians. The jury could have believed the testimony of the plaintiff respecting the movements of the north bound train, and also her testimony, and that of her daughter, to the effect that the gates were lifted and remained lifted when they entered the crossing. Findings for the plaintiffs could have been made under the statute on the testimony that no bell or whistle was heard, and on the evidence that they were injured. *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474, 478–479. *Creeley* v. *Boston & Maine Railroad*, 263 Mass. 529, 532. As the jury could properly find for the plaintiffs

under the statute, the defendant's motions for directed verdicts were rightly denied.

The exceptions argued relative to the judge's disposal of the defendant's many requests for rulings and instructions cannot be sustained. It could not be ruled that the plaintiffs were grossly negligent as matter of law. The requested instructions that contributory negligence would bar recovery could not properly be given, since this defence was not open to the defendant upon the statutory count. Even if that count could be considered as stating also a cause of action at common law, the defendant cannot properly contend that it must have been so taken. The denial of such rulings fails to show error.

Any prejudice that might have resulted to the defendant from the judge's comments upon the evidence was cured by the supplementary charge. *Minihan* v. *Boston Elevated Railway*, 205 Mass. 402, 406.

There was no error in bringing to the attention of the jury the actions of the fireman on the locomotive, as they might properly be found to be not in accordance with his duty, and negligent under the circumstances.

The erroneous instruction that "It is not necessarily a negligent act to cross over this Oak Street crossing, even if gates were down," was corrected on the supplementary charge, when the jury were rightly instructed that such an act, if found, would constitute contributory negligence preventing recovery under the second and third counts. *Granger* v. *Boston & Albany Railroad*, 146 Mass. 276.

The apparent inconsistency between the verdicts of the jury upon these two counts need not be considered, since it is not argued.

There was evidence that the plaintiffs crossed outside the limits of the crossing, in violation of G. L. (Ter. Ed.) c. 160, § 218. See *Wright* v. *Boston & Albany Railroad*, 142 Mass. 296, 300; *Lynch* v. *Boston & Maine Railroad*, 226 Mass. 522, 526. If the jury found that the plaintiffs crossed the tracks at a place outside the limits of the crossing there could be no recovery under the first count, *Broughton* v.

*Boston & Maine Railroad*, 290 Mass. 80, 82, and such action would show contributory negligence and bar recovery by the plaintiffs under the second and third counts, if found to have a causal connection with their injuries. *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139. *Patrican* v. *Garvey*, 287 Mass. 62. The charge of the judge contained the statement: "There does not appear any evidence in this case that the plaintiffs violated any law of the Commonwealth at the time of this accident." The defendant excepted to this portion of the charge, but without stating any grounds. For all that appears, the defendant's present objection to this ruling, based upon the statute (G. L. [Ter. Ed.] c. 160, § 218), is an afterthought. *Holt* v. *Mann*, 294 Mass. 21, 25–26. The case of *Rothwell* v. *First National Bank of Boston*, 286 Mass. 417, 422, is indistinguishable in principle, and the exception must be overruled. If the defendant had stated its reasons for excepting, the trial judge could and doubtless would have corrected any error then appearing; the defendant cannot now object that it was not cured. *New Hampshire Fire Ins. Co.* v. *Healey*, 151 Mass. 537, 539. *Dolan* v. *Alley*, 153 Mass. 380, 382. *Barker* v. *Loring*, 177 Mass. 389, 391. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110, 111. The result reached is not contrary to the rule established in *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 190, which allows an excepting party to show that a verdict should have been directed in his favor on any ground, whether or not mentioned at the trial.

During the cross-examination of Dorothy Sylvia, she was questioned as to the statement she had signed, which was later offered in evidence by the defendant and admitted solely to contradict her evidence given at the trial. She testified that she did not read the statement and did not remember its being read to her. Subject to the defendant's exception, the judge excluded the question, "Did you make any objection to any part of the statement?" This exception must be overruled. No abuse of the judge's discretion with respect to cross-examination nor prejudice to the

defendant appears. *Smith* v. *Boston Elevated Railway,* 208 Mass. 186. *Goldman* v. *Ashkins,* 266 Mass. 374, 380.

It results that in each case the entry must be

*Exceptions overruled.*