## ROCKLAND-ATLAS

## NATIONAL BANK OF BOSTON
### v.
## WILLIAM J. BARRY

(November 2 — November 9, 1956)

*Adlow, C. J.* Action of contract to recover

money loaned to the defendant, William J. Barry, by the Rockland-Atlas National Bank and evidenced by twenty-two notes signed by the defendant and delivered to the payee at various times between November 12, 1948 and February 23, 1954. The notes aggregate in amount $64,900.85. Over a long period of time the defendant was a borrower from the plaintiff. On December 5, 1931 he assigned to the bank a straight policy of insurance on his life in the amount of $50,000 to secure his outstanding indebtedness to the bank. Between 1935 and 1948 the principal on this indebtedness was in no manner reduced. In addition, the plaintiff bank advanced varying sums, each of which was evidenced by a note signed by the defendant, to meet the premiums on the policy of insurance as the premiums became due. The plaintiff did not always advance the entire amount due as premiums from its own funds, but borrowed money against said policy, thereby reducing the cash surrender value of it.

On November 12, 1948 the defendant delivered to the plaintiff bank a note in the amount of $48,577.46 which evidenced his indebtedness to the bank for all previous loans, interest charges and advances on account of insurance premiums. Since 1948 and up to September, 1954, the plaintiff advanced on account of said insurance premiums the further sum of $16,323.09 for which notes were given by the defendant. By a letter dated December 3, 1948, the defendant agreed to sign notes for such premiums as were paid by the bank on account of said policy.

The following facts may appear material to a consideration of the issues raised by the defendant before this court: (1) that the indebtedness which the life insurance policy was assigned to secure amounted to $29,090.50; (2) that on May 5, 1956 (the anniversary date of said policy) the value of said policy in event of death was $20,473.14 and the cash surrender value on the same date was $3,433.14; (3) that between 1935 and 1956 the plaintiff

borrowed against said policy $23,756.08 which it applied on account of premiums, and that it had further advanced on account of premiums from its own funds the sum of $36,437.81. It was conceded by the defendant that there was no question presented either by the pleadings or the evidence with respect to consideration, payment, fraud or misappropriation of collateral.

While the defendant requested the court to rule in effect that there was a duty on the plaintiff to liquidate the policy of insurance which had been assigned to it for security at a period when the policy represented a substantial cash surrender value and before the premiums had attained the amazing proportions to which they had grown in the many years covered by these transactions, he has not seriously argued this before this court. While hindsight may suggest that the plaintiff's preservation of the security at an enormous expense to itself may not have been advisable in the light of the defendant's long life, it cannot be denied that, in the light of experience, the financial interests of all parties were inextricably involved in the preservation of the rights of the parties under this policy. At one time this policy held out to all parties concerned certain distinct advantages. For the lender it promised the payment of a long outstanding obligation on the death of the borrower. For the borrower there was a considerable period when this policy gave reasonable expectation of relieving his estate of a substantial debt and at the same time contributing to his estate the excess represented by the difference between the face of the policy and the debt. If time has frustrated these happy expectations, it has not yet entirely deprived the parties of the prospects of using whatever this policy will pay in the event of death to help reduce the indebtedness of the defendant to the plaintiff.

The defendant insists that in determining the amount to which the plaintiff is entitled the court must credit the defendant with the cash surrender

value of the policy or surrender the policy to the company which issued it and credit the amount realized to the defendant's account. We cannot agree. In the first place, the plaintiff acted clearly within its rights, and with the assent of the defendant, in advancing the premiums as they became due on this policy. The note in the amount of $48,577.76 and dated November 12, 1948, referred to the assignment of a National Life Insurance Policy, No. 563279, and expressly provided that:

"The holder hereof may pay taxes, charges, assessments, liens or insurance premiums upon the security or any part of it, or otherwise protect the value thereof and the property represented thereby, and may charge against the security and against the parties liable hereunder all expenditures so incurred, but the holder hereof shall be under no duty or liability with respect to the protection or preservation of any rights pertaining thereto beyond the use of ordinary care in the custody of such security."

Aside from the above, by the separate letter of December 3, 1948, the defendant agreed with plaintiff to give a note for each successive premium advanced. We cannot seriously entertain the suggestion now made by the defendant with respect to the surrender of the policy to the company at this time. Aside from the fact that this would appear inadvisable in the light of the very advanced age of the assured, there is no obligation on any creditor to convert security on a debt before suing for same. *Granite Bank v. Richardson*, 7 Met. 407; *Miller v. Levitt*, 226 Mass. 330; *Tourtellotte v. Saulnier*, 267 Mass. 361; *Weiss v. Balaban*, 315 Mass. 390. In effect the defendant is asking the plaintiff, to which he is indebted in a substantial amount, to give up a reasonable prospect of collecting a fair portion of his debt by realizing on this security and taking in its place a negligible amount which a surrender of the policy at the present time would afford.

*Report dismissed.*

Charles C. Craig, for the plaintiff.
Sullivan & Sullivan for the defendant