MARY L. DRISCOLL *vs.* NORUMBEGA PARK COMPANY.
BENJAMIN J. DRISCOLL *vs.* SAME.

Middlesex.    December 4, 1935. — January 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, One owning or controlling real estate.

No proof of negligence of the owner of land was made by evidence that one standing in a street was hit by a stone which might have rolled down a hill on the land from a place fifty feet away where men were digging gravel; but without evidence that the men were the landowner's servants or were digging by his permission or were negligent or that the work was inherently dangerous.

TWO ACTIONS OF TORT. Writs dated November 13, 1930.

The actions were tried in the Superior Court before *Walsh*, J. There were verdicts for the plaintiffs in the sums, respectively, of $1,000 and $200. The defendant alleged exceptions.

*F. B. Turner*, for the defendant.

*E. J. Campbell*, for the plaintiffs, submitted a brief.

PIERCE, J.   These are two actions of tort arising out of an accident which occurred June 19, 1930, near the defendant's premises on Commonwealth Avenue, Newton.   The cases were tried together to a jury and a verdict was returned for the plaintiff in each case.   At the close of the evidence the defendant made a motion for a directed verdict upon all the evidence in each case.   The motions were denied and the defendant's exceptions to the denial thereof were duly saved.

The pertinent testimony in its aspect most favorable to the plaintiffs' cases directly and inferentially warranted a finding of the following facts: On June 19, 1930, the plaintiff Mary L. Driscoll (hereinafter called the plaintiff) and others were driven in an automobile to Norumbega Park, in Newton.   When the automobile stopped, facing Norumbega Park, on the right hand side of the street, against the curbstone at a point one hundred fifty to one hundred sixty-five feet from the gateway to the entrance of the park, the plaintiff got out and stood with her back to the sidewalk and near the rear door of the automobile.   Her daughter stood beside her.   Meanwhile the driver was getting out on the other side of the automobile.   While the plaintiff was so standing, a stone about eleven inches by six inches, not round but oblong in shape, covered by fresh, red gravel, struck her on the back of her heel.   The property owned by the defendant which abutted the sidewalk at the place of the accident was a wooded hillside with no fence opposite the place where the plaintiff was struck, and the grade rose at this place about one foot vertically in two feet horizontally to the top of the hill about fifty feet away.   At the top of the hill on the Norumbega Park property at the time of the accident about five men were working, digging or shovelling gravel.   The plaintiff did not fall when the stone struck her.   She stretched out on the grass for a few minutes to get her bearings.   About five minutes after the accident one of the men came down from the hill and talked with the owner and driver of the automobile, and then the plaintiff and the owner of the automobile walked to the park entrance and were going to the rest room when the work-

man came after them and went into the office with the plaintiff and her daughter. There was no testimony to the effect that the workmen on the hill were employees of the defendant or that their digging of gravel was with the permission of the defendant.

The plaintiff contends that it is a fair inference that the men working on the hill on the defendant's property were there at the defendant's direction or with its knowledge and consent, and that this inference is particularly tenable when it is considered that one of the workmen on the hill came down to the sidewalk and talked with the owner of the automobile and then went with the plaintiff into the office of the defendant. There is no testimony in the record which shows even inferentially why or for whom the men were shovelling, or, other than inferentially, where the stone came from or what caused it to fall if it came from the place of the digging. Assuming the stone came from the place where the men were digging, since it was covered with gravel of the color of fresh gravel on the hill, there was no testimony of any absence of care to provide reasonable safeguard so that travellers on or near the sidewalk at the foot of the hill would not be exposed to injury from falling stones or gravel. Assuming the digging was not done by the defendant or by its agents or servants acting within the scope of their employment but was with the permission of the defendant, the testimony does not warrant a finding that the digging of gravel at the place it was dug was in itself inherently dangerous to the public if properly done. On the whole testimony there is no evidence to warrant a finding that the diggers of gravel were employees of the defendant; that if they were such they were acting within the scope of their authority; that the diggers did not exercise due care to protect persons on the highway; or that the digging was done with the permission of the defendant. The motions for directed verdicts should have been allowed. In each action the exceptions are sustained and judgment is to be entered for the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*