ENO, J.
This is an action of tort by which the plaintiff seeks to recover for personal injuries alleged to have been sustained due to a dangerous and unsafe condition of the defendant’s restaurant, where she was a business invitee.
The answer is a general denial with a plea of contributory negligence.
The report is erroneously called a “draft” report. After its allowance by the trial judge, it is no longer a “draft” report, but becomes the report of the trial judge, and we treat it as such.
The reported evidence being all that was material to the question in issue showed that the accident happened at 12:30 P. M. or 12:45 P. M. on April 14, 1950; that the plaintiff arrived at the restaurant operated by the defendant, entering by the door which opened directly into a room described as “hall-like” in which a coat rack was located along the wall on the plaintiff’s right as she entered. This “hall-like” room was adjacent to two other rooms. One room straight ahead of the plaintiff as she entered was the dining room; the other room on the plaintiff’s left was the bar. There was evidence that the plaintiff, *[161] after hanging her hat and coat on the rack in the room described as “hall-like” went through a doorway on her left leading into the bar, where about ten of her fellow employees had already gathered. The only entrance to the bar was through the doorway leading from the “hall-like” room to the bar. Some of the employees were dancing to music from a juke box and some were drinking at the bar. Repairs were going on in the bar. There was lumber on the floor. Two men in white coveralls were nailing boards to the wall. The plaintiff spent twenty or thirty minutes in the bar, and then, with her fellow employees, left the bar through the same door by which she entered, proceeding into the “hall-like” room, and then into the dining room where dinner was served to them.
The dinner lasted about one-half an hour. Immediately after dinner the plaintiff and her party came out into the “hall-like” room. The plaintiff stood in the doorway of the bar with her back toward the bar waiting for her coat and hat. While standing there, patrons passed in front of her. The plaintiff stepped back one or two steps to allow the patrons to go by her, and as she did, her foot struck the edge of some boards located on the floor of the barroom, just inside the doorway behind her, and fell. The planks she fell on were lying parallel with the threshold of the doorway which was about five feet wide and consisted of five or six planks, one on top of another.
The court ruled at the request of the defendant that
“3. In the absence of evidence that the plaintiff was injured by some negligent conduct of the defendants, its agents or servants, the Court must find for the defendant.
4. The mere fact, if it be a fact, that the plaintiff, while a business- invitee of the defendant, tripped over planks on the defendant’s floor, does not warrant a finding for the plaintiff.”
denied the following requests for rulings:
“1. There is no evidence to- warrant a finding for the plaintiff!.
2. There is no evidence of negligence on the part of the defendant, its agents or servants, in this case.”
found as a fact that the defendant was negligent and found for the plaintiff.
The defendant claims to be aggrieved by the denial of its two requests and by the finding of negligence as *[162] a fact. By these two requests the issue of the sufficiency of the evidence was properly raised. Castano v. Leone, 278 Mass. 429, 430-431; Bresnick v. Heath, 292 Mass. 293, 298; Forbes v. Gordon & Gerber, Inc., 298 Mass. 91, 94-95.
The defendant owed a duty to the plaintiff “to use due care to keep that portion of its premises provided for tire use of its patrons in a reasonably safe condition and to warn them of any dangers that might arise from such use by reason of a condition of the premises which were not likely to be known to its patrons and of which the defendant knew or ought to have known. Berube v. Economy Grocery Stores Corp., 315 Mass. 89, 91.
The trial judge very properly allowed the defendant’s fourth request, but then proceeded to find negligence on the part of the defendant based exclusively on the very fact which by such allowance, he had ruled, did not warrant a finding for the plaintiff.
The evidence considered in the most favorable aspect to the plaintiff tended only to prove that the plaintiff after stepping “back one or two steps to allow patrons to go by her” fell over five or six planks, fifteen to eighteen feet long piled one on top of another.
There is no evidence as to who had placed these planks where they were; Driscoll v. Norumbega Park Co., 293 Mass. 277; Foley v. Hotel Touraine Co., 1951 Advance Sheets 139; how long they had been there, Sisson v. Boston Elevated Railway Co., 277 Mass. 431; Frappier v. Lincoln Stores, Inc., 279 Mass. 14, 16; Newell v. William Filene, 296 Mass. 489; Foley v. Hotel Touraine Co., 1951 Advance Sheets 139; that the two men in white coveralls, “who were nailing boards to the wall” were employees of the defendant; Knowles v. Great Atlantic & Pacific Tea Co., 287 Mass. 400; Driscoll v. Norumbega Park Co., 293 Mass. 277; or that the place where the planks were piled up was dark or that they were concealed. The size of these planks made their appearance so obvious that the defendant was not obliged to warn the plaintiff of their presence, Crone v. Jordan Marsh Co., 269 Mass. 289, 291; Adriance v. Henry Duncan Corp., 291 Mass. 202; Darcey v. Lord & Burnham Co., 320 Mass. 371; Flanders v. Pailey, 320 Mass. 744.
*[163] It is obvious that had not the plaintiff stepped back she would not. have fallen. And had she looked before stepping back she would have seen these planks.
We are of the opinion that the evidence was insufficient to show negligence on the part of the defendant and it was error to deny its two requests.
The finding for the plaintiff is therefore vacated and a new finding is to be entered for the defendant.