ARTHUR BROGNA *vs.* PIONEER PETROLEUM COMPANY.

Suffolk.    March 8, 1962. — May 11, 1962.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Attorney at Law. Contract,* With attorney. *Practice, Civil,* Requests, rulings and instructions, Ordering verdict, New trial, Judicial discretion. *Damages,* For attorney's services.

Under Rule 71 of the Superior Court (1954), the question whether the evidence in an action warrants a verdict for the plaintiff on a particular count of the declaration must be raised by the defendant by a motion for a directed verdict addressed to that count.    [384]

A ruling requested by the defendant in an action was properly refused where, so far as it sought to raise the question whether the evidence warranted a verdict for the plaintiff on one of the counts of the declaration, it was contrary to Rule 71 of the Superior Court (1954) and, so far as it otherwise raised a question of law, it was covered adequately by the judge's charge.    [384–385]

No abuse of judicial discretion appeared in denial of a motion by the defendant for a new trial on the ground of excessive damages in an action for legal services rendered to the defendant by an attorney at law who was a specialist in a field of law peculiarly affecting the defendant's interests.    [385–386]

CONTRACT.    Writ in the Superior Court dated June 27, 1960.

The action was tried before *Fairhurst, J.*

*John A. Perkins* for the defendant.

*Arthur Brogna* pro se.

KIRK, J.   The plaintiff, an attorney at law and a vice-president and director of the defendant corporation, was awarded damages in an action of contract to recover the fair and reasonable value of his legal services to the defendant.   The case was tried to a jury pursuant to the defendant's claim for jury trial.

On the liability aspect of the case the trial centered on whether there were one or two engagements of the plaintiff's services by the defendant.   The plaintiff's declaration was in two counts.   Count one was for services, in connection with the fixing of rates for the sale of natural gas at a well-head in Kansas, allegedly rendered to the defendant pursuant to a vote by its board of directors on June 28, 1958.   The vote provided that the plaintiff's compensation would be fixed by the defendant's board of directors.   Count two was for other legal services allegedly rendered to the defendant under a separate hiring and on a continuing basis from September, 1958, to June, 1960.   The defendant's answer was that the only engagement was the one defined by the vote of its directors on June 28, 1958; that all of the services of the plaintiff were rendered pursuant to this vote; and that its directors on June 1, 1960, had fixed the plaintiff's compensation for all of his services at $10,000 of which $3,000 had already been paid.   The jury, to whom the case was submitted on both counts, found for the plaintiff on both.

The case comes to us on two exceptions.   One exception is to the failure of the trial judge to give a requested instruction to the jury.   The other is to the denial by the trial judge of the defendant's motion for a new trial on the ground that the damages awarded under each count were excessive.   On the basis of the first exception the defendant asks that we order judgment.   On the basis of the second exception it asks, in the alternative, that we order a new trial.

1. The instruction requested by the defendant was as follows: "Upon all the evidence, the plaintiff is entitled to a verdict for $7,000 exclusive of interest, representing a fee of $10,000 less $3,000 paid." The defendant contends that this requested instruction seasonably presented to the trial judge the question whether on the evidence the jury should have been allowed "to determine whether or not the plaintiff's services were all covered by the June 28, 1958, vote or whether some were pursuant to a subsequent separate hiring." It argues that "[a]s a matter of law all of the plaintiff's services fall within the scope of the vote." For these reasons, the defendant concludes, the requested instruction should have been given. This argument cannot prevail. By its contention the defendant admits that the requested instruction was designed to, and did in effect, ask for a directed verdict for the defendant on count two of the plaintiff's declaration. It is settled, however, "that the question whether a case should be submitted to a jury must be raised by a motion for a directed verdict rather than by requests for instructions. Rule 71 of the Superior Court (1954). *Friedman* v. *Huck's Transfer, Inc.* 329 Mass. 362, 363." *Bond Pharmacy, Inc.* v. *Cambridge,* 338 Mass. 488, 492. The same rule applies where, as here, a party requests a directed verdict on a particular count in a declaration. *Bray* v. *Hickman,* 263 Mass. 409, 416–417. Moreover, the motion itself should be addressed to the particular count on which the directed verdict is desired. See *Tourtellotte* v. *Saulnier,* 267 Mass. 361, 364; *Sylvia* v. *New York, N. H. & H. R.R.* 296 Mass. 157, 160–161; *Shumway* v. *Home Fire & Marine Ins. Co.* 301 Mass. 391, 396. No motion for a directed verdict was presented or filed by the defendant.

Since the requested instruction did not raise at the trial the question whether the case should have been submitted to the jury on count two, the resolution of that question now could in no way affect the propriety of the judge's refusal to give the instruction. Further, the defendant does not advance, nor do we perceive, any other basis upon which to predicate error in the judge's refusal to give the instruction

in terms. The judge correctly charged the jury — on the only question of law which the requested instruction could be considered to have raised properly — in the following words: "If you are taking the view of the defendant here that all of the services of Mr. Brogna are embraced in Count 1 under that vote, then the determination of the directors controls. Then the figure would be $7,000 plus interest." *Squires* v. *Fraska,* 301 Mass. 474, 476. *Growers Outlet, Inc.* v. *Stone,* 333 Mass. 437, 443. There was no error in the judge's refusal to give the requested instruction.

The foregoing points of practice obviate our recounting, in the light most favorable to the plaintiff, the evidence encompassed in the ninety-seven pages of the bill of exceptions and in thirty-eight exhibits. We have, however, given full consideration to the entire record in the determination of the other issue presented, and we are prompted to note in passing that the plaintiff was entitled to go to the jury on both counts of his declaration.

2. The dominant subject of controversy at the trial was the value of the plaintiff's services. On that subject the defendant had sought the verdict of a jury. The defendant considered the amounts awarded by the jury excessive. On that ground it asked the judge to set the verdicts aside and order a new trial. The judge denied the motion. His ruling was the principal topic of argument before us. The defendant asks us to say that the denial of the motion was an abuse of judicial discretion.

The review of the denial of motions like the one before us is not uncommon. We have often said that the disposition of them by the judge rests in his judicial discretion. The criteria which should guide the judge in the exercise of that discretion were discussed by Lummus, J., in *Bartley* v. *Phillips,* 317 Mass. 35, 39–42. The considerations which should govern the review by an appellate tribunal are delineated in the same case. 317 Mass. 35, 43–44. They were recently applied in *Statkus* v. *Metropolitan Transit Authy.* 335 Mass. 172, 174, and need not be restated.

The defendant argues that because the services were legal services by a member of our bar we are in an espe-

cially advantageous position to evaluate them. To whatever extent that observation may be true, the principles of judicial review are constant and control our decision. The defendant has made a painstaking analysis of the evidence in the case and has applied to it the several factors mentioned in the often quoted passage in *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569, as contributing to a determination of a reasonable charge for legal services. We have considered them. We think that no useful purpose could be served by an extended recitation of the complexities of the particular legal problems which the defendant faced, or of the services and advice given to it by the plaintiff. We do make the observation that the jury could have found, among other things, that the plaintiff possessed a special knowledge in a field of law which peculiarly affected the defendant's interests and in which few lawyers in this community are engaged.

A precise mathematical calculation of the value of professional services cannot be made. The plaintiff's evaluation of his services under count two at $75,000 was doubtless high. The evaluation of all of his services by the board of directors of the defendant at $10,000 was doubtless low. Two witnesses called by the defendant, a local attorney and a specialist from Washington in the particular field of law, evaluated the plaintiff's services at $15,000. The verdicts of the jury, including interest, were $3,520 on count one and $22,360 on count two.

In our opinion the denial of the defendant's motion by the judge was not an abuse of discretion amounting to an error of law. *Bresnahan* v. *Proman,* 312 Mass. 97, 101, 102, and cases cited. *Bartley* v. *Phillips,* 317 Mass. 35, 44, and cases cited. *Statkus* v. *Metropolitan Transit Authy.* 335 Mass. 172, 174, 175.

*Exceptions overruled.*