*Northern District*

No. 5800

**ATTILIO NARDELLA**

v.

**THE WESTERN EXPRESS CO.,**
**RICHARD WHEATLEY**
and
**CARL SCHMELING**

December 23, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Dudley, J.* in the Second District Court of Eastern Middlesex. No. 4856 of 1951.

*Brooks, P. J.* Plaintiff has sued in tort for injuries to himself and damage to his automobile resulting from a collision between his automobile, driven by himself, and a tractor-

trailer operated by defendant, Wheatley, the trailer being owned by defendant, Schmeling, and the tractor by defendant, The Western Express Co. No requests for rulings were filed.

The court found for plaintiff against all three defendants and awarded damages in the sum of $1300 for personal injuries and in the sum of $175 for property damage.

A motion was filed for a new trial on the ground that awards for damages were excessive. Four specifications were set forth, all relating to personal injury. This motion was denied.

Defendant claimed to be aggrieved by:

(a)    the assessment of personal injury damages in the absence of supporting medical evidence

(b)    the amount of the damages assessed which defendant claimed to be excessive

(c)    the denial of their motion for new trial.

Since no evidence appears in the report as to how the accident happened and no claim is made that defendant was not liable, it is inferred that liability is not contested by defendant. The only issue presented is whether damages awarded by the trial court were excessive as a matter of law.

Plaintiff was the only witness. His testimony as set forth in the report is substantially as follows: As a result of the accident plaintiff hurt his side. He drove his car to a garage

after the accident and went home. The next day (a Thursday) he only worked a half day and then went to a doctor, Dr. York, for medical attention and Dr. York advised use of a heat lamp and kept him strapped for three or four days. He saw Dr. York every day for five or six days after the accident and did not see him thereafter, was out of work the Thursday afternoon and all day Friday after the accident and all the following week (April 24th to April 30th) and resumed work May 1st. When he resumed work he had a helper for some period of time with some of the heavy work and he did the easy work as he could not bend. It was very bad for two to three months or perhaps four to five months and after five or six months he was O.K. For two months after the accident he used a heat pad every night. He bought an electric blanket and used it. He lost no further time from work after April 30.

Neither Dr. York nor any other doctor testified nor were any medical records or information offered in evidence. No medical diagnosis was in evidence.

Plaintiff testified as to his property damage that at the time of the accident his automobile was five or six years old. He had bought it two or three years before the accident for $400. He testified that in his opinion it was worth $300 just before the accident and $50 after the accident; also, that the cost of repairs was $125 but that it did not run right thereafter; also, that he continued to operate

it for two or three years before disposition of it.

■◼ what injuries are worth in dollars and cents is for the trial judge to decide. Unless his judgment in this matter is plainly wrong, this Division will not substitute its judgment for his. That judgment was twice expressed, first in the original finding and again in the denial of the motion for a new trial. *Bartley v. Phillips,* 317 Mass. 35; *Statkus v. M.T.A.,* 335 Mass. 172, 174; *Brogna v. Pioneer Petroleum Co.,* 344 Mass. 382, 385.

■ Defendant seems to assume that unless plaintiff's testimony as to his injuries and conditions is bolstered by medical testimony, it is of little or no value. There is no basis for such an assumption. It is, of course, true that a doctor's testimony corroborating the patient's story strengthens it. On the other hand, absence of such testimony, while it weakens plaintiff's testimony, does not destroy it unless plaintiff's testimony is plainly inadequate. It will stand for what it is worth and it is for the trial judge to decide what it is worth.

■ In the case before us the plaintiff's testimony supplied ample basis for a finding as to his injuries in the amount of $1300. On his own testimony, the truth of which was for the trial judge to decide, he was out of work over a week. It was painful for him to work for several months after his return to the job. In five or six months he was all right.

· It is not clear from the report whether defendant is attacking the property damage award. His motion for a new trial mentioned only personal injuries. Here again, however, plaintiff has given evidence sufficient on its face to warrant the award of $125. It is to be noted that defendant did not question plaintiff's qualifications as a witness in this aspect of the case. We see no reason in fact to question the judge's findings on damages. We certainly find no basis for holding him in error as a matter of law.

Report dismissed.

Albert J. Mayer, of Boston, for the Plaintiff.

Newton, Brickett, Weston & Hill, of Boston, for the Defendant.

*Western District*
No. 141964 (Remand)
**ANNA BRESNAHAN McKONE**
v.
**RALPH'S WONDER MARKET, INC.**
Argued: Sept. 25, 1963—Decided: Dec. 3, 1963

*Present*: Hobson, J. (Presiding), Moore &
Allen, JJ.