*Northern District*

#6371

## WILLIAM J. WILKINSON

### v.

## STOP & SHOP, INC.

Argued: March 8, 1967 Decided: May 15, 1967

*Present:* Brooks, P.J. and Connolly, J.

Case tried to *Murphy*, J. in the District Court of Peabody. #R-327 of 1964.

*Brooks, P.J.* *This is an action of tort* to recover for personal injuries caused by the fall of a ladder which plaintiff claims was negligently allowed to lean against a wall abutting an aisle in defendant's store, the wall not being part of defendant's premises nor under its control. Defendant answered general denial, contributory negligence, assumption of risk, and statute of limitations.

The case was heard December 15, 1964. A decision in favor of plaintiff was rendered April 13, 1966.

A draft report was filed which was disallowed. The report was eventually established by this Division.

We take up first, defendant's complaint of the denial of its motion for a new trial. The motion was on four grounds as follows:

1. The finding is against the evidence.
2. The finding is against the weight of the evidence.
3. The finding is against the law.
4. That the defendant has been prejudiced by the failure of the court to comply with General Laws, Chapter 220, Section 14(a).

The first three grounds are customary and in the absence of evidence of abuse of discretion, their denial is not reversible. *Bresnahan* v. *Promon*, 312 Mass. 97, 101. *Bartley* v. *Phillips*, 317 Mass. 34, 41. *Forman* v. *Wolfson*, 321 Mass. 749. *Brogna* v. *Pioneer Petroleum Co.*, 344 Mass. 382, 386.

The fourth ground for a new trial was based on alleged violation of G.L. c. 220, §14A which, after setting forth that a judge of the Superior Court shall render his decision within four months, goes on to say:

"A justice or special justice of a district court, other than the municipal court of the city of Boston, who has reserved his decision in a case heard by him, shall render his decision within a like period (four months,) or within such further time as the

> presiding justice of the appellate division of the court in which the case was heard may grant, upon a like request in writing, made by such justice or special justice within said period.'' The editor's note to the above section citing *Kerr* v. *Palmieri,* 325 Mass. 554 states: ''The purpose of this section was for disciplinary action in case a judge prolonged a hearing and not to render void a late hearing.'' The disciplinary action referred to could be withholding of salary.

While sixteen months passed between the trial and the decision, no explanation was given for the delay which may or may not have been excusable. In any event, we find no reversible error in the denial on the fourth ground stated.

Defendant filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The evidence does not warrant a finding for the plaintiff.

3. The evidence warrants a finding that the plaintiff was negligent and that such negligence contributed to the happening of the accident.

4. The mere fact that some third person was working on premises under the defendant's control is not evidence he was working for the defendant. See *Dris-*

*coll* v. *Norumbega Park Co.,* 293 Mass. 277.

5. The mere fact that some third person was working in close proximity to premises under the defendant's control is not evidence he was working for the defendant.
6. The evidence does not warrant a finding that the man who was working on the ladder was an employee or agent of the defendant.

The court denied requests ##1, 2, and 3 and granted ##4, 5, and 6. The burden was on defendant to establish contributory negligence. That burden has not been sustained.

The real issue to which we must address ourselves is whether requests ##1 and 2 were improperly denied. They raise the question of defendant's negligence. Specifically, the issue is whether a supermarket operator has a responsibility to protect his customers from dangers created by a third party, under the circumstances fairly to be deduced from the evidence in this report. This evidence was as follows:

Plaintiff, after selecting and purchasing tonic at the Stop & Shop, was proceeding toward the exit pushing a cart containing the purchase. He observed a ladder with a man on it, leaning against the wall at an "improper angle". He had noticed the ladder on entering the store. "As he was walking by the ladder, the next thing he knew was that he was on the floor

with the ladder lying on the right and the man who had been on the ladder lying to his left.''

He saw another ladder which was being held by a boy. No one was holding the ladder which fell. After the accident, he observed there were no safety feet on the fallen ladder. The aisle in which plaintiff was walking ran the complete width of the store. At each end there was an exit and an entrance. Along one side of the aisle were the cash registers for checking out of defendant's store. Along the opposite side of the aisle were stores separated from the Stop & Shop by a cement wall. One of the stores was a delicatessen shop which was having a sign installed on the wall under its control. The bottom of the ladder was in the Stop & Shop aisle; the top of the ladder was in the area controlled by the operator of the delicatessen store.

There was no financial relationship between those owning or controlling these two establishments. The person or persons putting up the sign had not been hired by defendant nor was there any contention of independent contractorship. No one had asked permission to use the premises of the Stop & Shop to install the sign prior to the accident. The aisle was about fifteen feet wide. There were many customers in the store at the time of the accident.

The court specifically found the foregoing facts and in addition made the following findings:

"I find that the plaintiff was a customer and was a business invitee. I find that the sign was being installed by a contractor hired by one Nathan Shapiro. I find that the work was being performed in a negligent manner.

"I find that the defendant permitted and allowed a third party to perform work in its store during business hours, without taking proper precautions to warn its customers of a dangerous condition which existed, namely workmen installing a sign from two ladders which were leaning against a wall and on to a tile floor at an improper pitch in. the *main aisle* of the store.

"I find that the defendant retained full control of access, egress and passage of the main aisle within the store where customers were passing to and from the parking areas.

"I find that the defendant should have been aware of the danger that existed and that it could cause the type of accident that occurred.

"I find for the plaintiff in the sum of $700.00."

It is defendant's contention that both requests '#\#1 and 2 were improperly denied because they raised the issue of defendant's negligence of which, according to defendant, there was no evidence. In order to find for plain-

tiff, two facts must be established, first, that the ladder which fell upon plaintiff was a danger to defendant's customers, second, that the danger must have existed long enough to have become known to defendant.

If a storekeeper permits an unsafe condition to exist in his store, he is responsible for an accident resulting from that unsafe condition. It makes no difference that the condition was caused by a third party, through whose carelessness for example, an ice cream cone falls on the floor and is allowed to remain there to the damage of another customer. *Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560. While a ladder may not be dangerous *per se,* it may if improperly handled in a busy store become a distinct hazard. If a storekeeper after becoming aware of the hazard fails to protect his customers and injury ensues, he should be held responsible. He has failed in his legal duty to his customers.

As to notice — two ladders presumably ranging above the heads of customers must have been conspicuous. It takes time to raise two ladders, as well as to climb them. *Deagle* v. *Great Atlantic & Pacific Tea Co.,* 343 Mass. 263, 265. See also 18 Legalite 127, 129 — Appellate Division, No. Div.

The trial judge has found that defendant has failed properly to protect his customers. He has found that defendant did not contribute to the accident. He has found that defendant knew

or should have known of the existing hazard. We are not inclined to reverse the judge's decision on any of these points.

We conclude that the denial of defendant's requests for rulings ##1, 2, and 3 was not prejudicial error.

**Report dismissed.**

PAUL RESNICK
for plaintiff
RALPH C. COPELAND
for defendant