Whitehall Co., Ltd. *v.* Barletta.

WHITEHALL COMPANY, LTD. *vs.* J. KENNETH BARLETTA,
& others.[1]

Suffolk. Norfolk.   December 8, 1988. — April 6, 1989.

Present: HENNESSEY, C.J., NOLAN, LYNCH, & O'CONNOR, JJ.

*Collateral Estoppel. Practice, Civil,* Judgment, Judgment notwithstanding
   verdict, New Trial. *Consumer Protection Act,* Unfair act or practice.
   *Contract,* Construction contract.

A civil action was remanded for a determination whether under the principles
   enunciated in *Fidler* v. *E.M. Parker Co.*, 394 Mass. 534 (1985), the
   plaintiff was entitled to a pretrial order precluding the defendant from
   relitigating facts resolved against it in a prior Federal District Court
   proceeding, involving the same factual situation, to which the plaintiff
   had not been a party. [500-503]
The judge in a civil action correctly denied the plaintiff's posttrial motion for
   reconsideration or in the alternative to alter or amend the judgment under
   Mass. R. Civ. P. 59(e). [503-504]
There was no merit to the contention on appeal of a plaintiff in a civil action
   that the trial judge incorrectly relied on the jury's advisory verdict in
   reaching her decision on the plaintiff's c. 93A claim. [504]
No error appeared in a civil case in the trial judge's denial of the plaintiff's
   motions for a directed verdict and for judgment notwithstanding the
   verdict on the defendant's counterclaim. [504-505]
Where, at the trial of a civil case, the jury properly could have determined that
   the defendant was not entitled to damages on its counterclaim, there
   was no error in the judge's denial of the defendant's motion for a new
   trial on the issue of damages alone. [505]

CIVIL ACTIONS commenced in the Superior Court Department
on July 17, 1979, and August 8, 1979, respectively.

A pretrial motion was heard by *Paul G. Garrity*, J., and the
cases were tried before *Suzanne V. DelVecchio*, J.

---

[1] Carmen A. Barletta and C.A. Barletta, Inc. The defendant J. Kenneth
Barletta is vice president and a director of the defendant C.A. Barletta, Inc.
Carmen A. Barletta is president, treasurer, and a director of the defendant
C.A. Barletta, Inc. We shall refer to the defendants collectively as "Barletta."

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Larry C. Kenna* (*Pamela E. Berman* with him) for the plaintiff.

*Jerry E. Benezra* for the defendants.

NOLAN, J. The plaintiff, Whitehall Company, Ltd. (Whitehall), and the defendants (Barletta) have filed cross appeals from a judgment of the Superior Court. We transferred the case on our own motion. We remand for action consistent with this opinion.

In late 1978 and early 1979, Whitehall and C.A. Barletta, Inc., both Massachusetts corporations, entered into discussions with respect to the construction of a prefabricated steel building. The building, which would serve as Whitehall's warehouse and office space, would be constructed by Barletta on a site located in Norwood. On February 14, 1979, Whitehall signed a contract with Barletta for the construction of the building on a "cost-plus" basis.[2] Prior to the signing of the contract between Whitehall and Barletta, Barletta communicated with National Steel Products Company (National), a manufacturer of prefabricated buildings. Barletta negotiated with National a discount of 10%, plus an additional 6% discount on the total price of the prefabricated steel for the building, a saving of approximately $50,000. Whitehall, however, maintains that, during contract discussions and even upon signing the contract with Barletta, Barletta continued to quote a higher price for the building that did not reflect the additional discount National had given to Barletta. Whitehall essentially contends that Barletta fraudulently misrepresented the actual cost of the building so that Barletta, and not Whitehall, would gain the benefit of the discounts.

When National learned that Barletta had never informed Whitehall of the additional discounts, National commenced an action against Barletta in the United States District Court for

---

[2] Whitehall's complaint describes this "cost-plus" basis contract as one wherein Whitehall would pay Barletta's actual costs in constructing the building, plus an agreed profit or fee.

the District of Massachusetts.[3] The case was tried without a jury and the ultimate determination was adverse to Barletta. Barletta did not appeal.

When Whitehall learned of Barletta's concealment of the discounts, Barletta explained that it had intended to pass the discounts along to Whitehall upon written confirmation of the contract with National, as a "surprise."[4] In July, 1979, Whitehall rescinded the contract with Barletta. Whitehall then commenced this action by filing a complaint against Barletta seeking damages resulting from Barletta's allegedly unfair and deceptive business practices under G. L. c. 93A (1986 ed.). The complaint also alleged deceit, breach of fiduciary duty, and two counts alleging breach of contract. Barletta's counterclaim sought damages from Whitehall allegedly due under the contract between the parties.[5] Barletta's counterclaim was tried to a jury; the jury acted in advisory capacity with regard to Whitehall's c. 93A claim. By a pretrial motion Whitehall attempted to preclude Barletta from relitigating facts determined adversely to it in the Federal court litigation, but the motion judge refused to apply collateral estoppel principles.

The jury returned an "advisory verdict" against Whitehall on its c. 93A claim.[6] The judge adopted the jury's determination

[3] Apparently, Barletta had induced National to give it the additional discounts in order to compete successfully for the contract and Barletta assured National that all discounts would be passed on to Whitehall. Indeed, Article 26 of the contract between Barletta and Whitehall provided that all trade discounts, rebates, and refunds would accrue to Whitehall.

[4] In the Federal action, the trial judge specifically found that Barletta did not intend to pass the discounts along, but intended to keep for itself the difference between the price it quoted Whitehall and the discounted price at which it bought the prefabricated steel for the structure from National.

[5] Whitehall eventually waived all but the c. 93A claim.

[6] The judge instructed the jury: "On 93A aspect, which you have heard my charge about, and that has to do with Whitehall vs. J. Kenneth Barletta, Carmen Barletta, and C.A. Barletta, Inc., that is the unfair and deceptive practice which you have heard me charge about. This is really an advisory thing for me, because I have to make the decision, not the jury, with regard to this matter. But I've instructed you with regard to 93A for you to consider in reaching a determination and I am asking you to aid me by answering certain questions, and I'm asking your opinion as to how you find with regard to this. Okay. This is not binding on me, but it certainly is advisory. The questions that you will answer with regard to the 93A aspect of the case."

and entered judgment consistent with it. Whitehall then filed a motion for reconsideration, or in the alternative, to alter or amend the judgment, objecting to the judge's acceptance of the jury's advisory verdict on Whitehall's c. 93A claim. The judge denied the motion.

The judge, instructing on the issue of Barletta's counterclaim, charged that, even if Barletta breached the contract, Whitehall was required first to obtain an architect's certificate from the project architect stating that sufficient cause existed to justify termination. Whitehall objected to the instruction. The jury also returned a verdict for Barletta on its counterclaim, but awarded no damages. Barletta moved for a new trial with respect to damages only. Whitehall moved for a judgment notwithstanding the verdict on the breach of contract issue. The judge denied both parties' motions. The parties appealed.

Whitehall raises four issues on appeal: (1) whether the motion judge erred in concluding that State law and not Federal law applied in determining the preclusive effect of a prior Federal court judgment against the defendant; (2) whether the trial judge erred in denying Whitehall's motion to alter or amend the judgment; (3) whether the judge erred in instructing the jury that Whitehall had no right to terminate its contract with Barletta without first obtaining an architect's certificate; and finally, (4) whether the judge erred in denying Whitehall's motion for a directed verdict and motion for judgment notwithstanding the verdict.[7]

Barletta raises one issue on appeal: whether the judge erred in denying Barletta's motion for a new trial on the issue of damages.

1. *Collateral estoppel.* Before trial, Whitehall moved for an order to preclude Barletta from relitigating facts resolved by National's case against Barletta in Federal District Court.[8] A

---

[7] The first two issues relate to Whitehall's c. 93A claim, while issues three and four relate to Barletta's counterclaim.

[8] Whitehall was not a party to that action and maintains that it could not have intervened as of right and that permissive intervention would have ousted the Federal court from jurisdiction based on diversity of the parties' State citizenship. Fed. R. Civ. P. 24(a) (1988).

Superior Court judge denied Whitehall's motion, concluding: (1) that State law, and not Federal law, should be applied to determine the preclusive effect of a prior Federal court judgment; and (2) that this court's holding in *Albernaz* v. *Fall River*, 346 Mass. 336, 339-340 (1963), precludes persons who are neither parties to an action nor their privies from asserting collateral estoppel "offensively." [9] In ruling that State and not Federal law governed whether collateral estoppel applied, the judge examined the facts as required by this court's decision in *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444 (1982). In *Anderson*, we stated that, "if a set of facts gives rise to a claim based on both State and Federal law, and the plaintiff brings the action in a Federal court which had 'pendent' jurisdiction to hear the State claim but the plaintiff declines to assert such State claim, he may not subsequently assert the State ground in a State court action." *Id.* at 450. Determining that the instant facts fell outside the scope of *Anderson*, the judge concluded that the State law of collateral estoppel applied. The judge then examined Whitehall's claim for collateral estoppel in light of *Albernaz* v. *Fall River, supra.* In *Albernaz*, we concluded that, absent mutuality of estoppel, a prior judgment could not be used offensively against a defendant. *Id.* at 339-340. Accordingly, since Whitehall sought to assert the doctrine offensively, the judge denied Whitehall's motion.

This court's decision in *Fidler* v. *E.M. Parker Co.*, 394 Mass. 534 (1985), decided subsequent to the order denying Whitehall's attempt collaterally to estop Barletta from relitigating facts determined by the Federal court, definitively established that Massachusetts courts, when considering the preclusive effect of a Federal court judgment, look to Federal law to determine whether to apply collateral estoppel. *Id.* at 540-541. Accordingly, the judge's application of State law requires us to remand for reexamination of the issue in light of the Federal law.

---

[9] "Offensive" collateral estoppel occurs when a plaintiff seeks to prevent a defendant from litigating issues which the defendant has previously litigated unsuccessfully in an action against another party. *Parklane Hosiery Co.* v. *Shore*, 439 U.S. 322, 326 n.4 (1979).

While *Albernaz*, *supra* at 339-340, announced the Massachu-
setts law that, absent mutuality of estoppel and technical priv-
ity, this court would rarely allow collateral estoppel to be
applied to a prior judgment offensively, the Federal law is
somewhat more flexible. In *Parklane Hosiery Co.* v. *Shore*,
439 U.S. 322, 326-333 (1979), the United States Supreme
Court permitted nonmutual, offensive collateral estoppel. The
Court enumerated certain arguments against applying collateral
estoppel offensively but noted, however, that these concerns
could be cured by affording the trial judge wide discretion in
deciding whether to allow its application absent mutuality of
parties. *Id.* at 331. The Court stated: "The general rule should
be that in cases where a plaintiff could easily have joined an
earlier action or where . . . the application of offensive estoppel
would be unfair to a defendant, a trial judge should not allow
the use of offensive collateral estoppel." *Id.* Included in the
judge's consideration, therefore, should be whether Barletta
had a full and fair opportunity to litigate and whether equitable
considerations otherwise warrant precluding relitigation. *Allen*
v. *McCurry*, 449 U.S. 90, 94-95 (1980); Restatement (Second)
of Judgments § 29 (1982).[10] In remanding, we do not attempt

---

[10] The Restatement (Second) of Judgments § 29 (1982) sets forth eight
circumstances for consideration in addition to those previously mentioned:

"(1) Treating the issue as conclusively determined would be incompatible
with an applicable scheme of administering the remedies in the actions
involved;

"(2) The forum in the second action affords the party against whom
preclusion is asserted procedural opportunities in the presentation and deter-
mination of the issue that were not available in the first action and could
likely result in the issue being differently determined;

"(3) The person seeking to invoke favorable preclusion, or to avoid
unfavorable preclusion, could have effected joinder in the first action be-
tween himself and his present adversary;

"(4) The determination relied on as preclusive was itself inconsistent
with another determination of the same issue;

"(5) The prior determination may have been affected by relationships
among the parties to the first action that are not present in the subsequent
action, or apparently was based on a compromise verdict or finding;

"(6) Treating the issue as conclusively determined may complicate deter-
mination of issues in the subsequent action or prejudice the interests of
another party thereto;

"(7) The issue is one of law and treating it as conclusively determined

to usurp the power of the judge and, accordingly, do not, in any way, dictate or even suggest the outcome. Because we conclude that the motion judge's error may have prejudiced Whitehall's c. 93A claim, we remand the case for reconsideration in light of our opinion. If the trial judge determines that collateral estoppel does apply, Whitehall's c. 93A claim is to be tried anew.

2. *Denial of Whitehall's posttrial motion on the c. 93A claim.* Whitehall argues that it presented overwhelming evidence that Barletta engaged in "immoral, unethical, oppressive and unscrupulous practices in failing to disclose the discount" and that the judge erred in denying its motion for reconsideration or, in the alternative, to alter or amend the judgment. Mass. R. Civ. P. 59(e), 365 Mass. 827 (1974). See *Bromfield* v. *Commonwealth*, 400 Mass. 254, 256 (1987). Whitehall asserts that, based on such evidence, the judge should have ordered judgment in its favor on the c. 93A claim.

Whitehall contends that the evidence supported a determination that Barletta knew of and deliberately concealed the discount and had no intention of passing the discount along to Whitehall. This evidence, Whitehall maintains, would justify a finding in Whitehall's favor. While the record reflects such evidence, it also reveals evidence supporting Barletta's position. For instance, both the judge as fact finder and the jury in their advisory capacity could have determined that Barletta had a right to keep the monies until the end of the contract. Similarly, based on the evidence presented at trial, both the judge and the jury could have determined that Barletta did not have to inform Whitehall of the discount until it had been confirmed in writing. This evidence tended to negate the allegation and ultimately could have led to the conclusion that no unfair and deceptive practices had occurred. Conflicting evidence often exists at trial and judges and juries are in the best position to assess the credibility of the witnesses. *Hurley* v.

would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule upon which it was based;

"(8) Other compelling circumstances make it appropriate that the party be permitted to relitigate the issue."

*Noone*, 347 Mass. 182, 188 (1964). Based on the record before the judge, we cannot say that it was error to deny the motion and, therefore, the judge's decision should be left undisturbed.

Whitehall next avers that the judge incorrectly relied on the jury's advisory verdict in reaching her decision on the c. 93A claim. We disagree. Not only was there ample evidence to support the judge's decision, it is clear from the judge's instructions to the jury that she understood that the jury's role was an advisory one only and that she was not bound by any determination reached by the jury.[11] Accordingly, there was no error.

3. *The architect's certificate.* Whitehall asserts that the judge erred by instructing the jury on Barletta's counterclaim that, "in order for Whitehall Company to properly terminate the contract, it was first required to obtain a certification from the project architect that sufficient cause existed to justify such termination." We need not reach this issue. Even if the instruction was erroneous, Whitehall was not prejudiced, since the jury awarded Barletta no damages. Accordingly, we decline to consider the correctness of the instruction.

4. *Denial of Whitehall's posttrial motions on Barletta's counterclaim.* The final issue raised by Whitehall on appeal is whether the trial judge committed error in denying its motion for a directed verdict and its motion for judgment notwithstanding the verdict on Barletta's counterclaim. The standard of review to be employed on a motion for judgment notwithstanding the verdict and a directed verdict is the same, *Toubiana* v. *Priestly*, 402 Mass. 84, 85 (1988), that is, whether anywhere, from what ever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the nonmoving party on each element of his claim. *McAvoy* v. *Shufrin*, 401 Mass. 593, 596 (1988). In reviewing the evidence in the light most favorable to the party prevailing in the trial court, *Afienko* v. *Harvard Club*, 365 Mass. 320, 322 (1974), we conclude that the trial judge's denial of Whitehall's motions was proper.

---

[11] See note 6, *supra*.

Notwithstanding the instruction regarding the architect's certificate, there is ample evidence on the record to support the trial judge's denial of Whitehall's motions. For instance, the jury could have believed, based on the evidence presented at trial, that Whitehall repudiated the contract by its July, 1979, letter to Barletta. The jury could have determined based on the evidence presented at trial that Barletta did not wrongfully withhold monies under the contract and, therefore, Whitehall's actions did constitute a breach of contract. Accordingly, we conclude that the trial judge did not err in denying Whitehall's motions on Barletta's counterclaim.

5. *Denial of Barletta's posttrial motion on its counterclaim.* In its consideration of Barletta's counterclaim against Whitehall for breach of contract, the jury found for Barletta, but awarded no damages. The judge denied Barletta's motion for a new trial on the issue of damages. Barletta now appeals the judge's denial of its motion for a new trial on damages alone. Ordering a new trial limited to damages is discretionary with the court, *Barry* v. *Keeler*, 322 Mass. 114, 124 (1947), and is reversible on appeal only if the denial constituted an abuse of the judge's discretion, *Brogna* v. *Pioneer Petroleum Co.*, 344 Mass. 382, 385 (1962). A new trial on damages should be granted only where there is great disproportion between the amount of the award and the injury proved. The jury properly could have determined that, based on the evidence presented at trial, Barletta was not entitled to damages. The judge did not abuse her discretion.

6. *Conclusion.* On Whitehall's claim under c. 93A, we remand for action consistent with this opinion on the issue of collateral estoppel. The order denying Whitehall's motion for reconsideration or, in the alternative, to alter or amend the judgment is affirmed. The order denying Barletta's motion for a new trial on the issue of damages and Whitehall's motions for a directed verdict and judgment notwithstanding the verdict on the breach of contract counterclaim is also affirmed.

*So ordered.*