Smith, J.
INTRODUCTION
On March 26, 1998, this case was before the court for hearing on the motion of the Commonwealth to deny the motion of the defendants to suppress based on the principles of collateral estoppel. In support of its motion, the Commonwealth contends that the subject of the defendants’ motion to suppress, the vehicular stop, is the same stop which was the subject of a motion to suppress heard in Brockton District Court, and denied on March 20, 1998. As a result of that denial, the Commonwealth argues that the defendants should be collaterally estopped from relitigating the same issue before this court.
In opposition, the defendants argue that based on rights guaranteed to them under the United States Constitution, the Massachusetts Declaration of Rights, and issues of fundamental fairness, the motion of the Commonwealth should be denied.
For the reasons set forth below, the motion of the Commonwealth will be DENIED.
BACKGROUND
At about 3:30 a.m. on July 10, 1997, a yo.ung black man entered a Christy’s Market in Stoughton and looked around. Then two other black men came into the store. One of the young men pointed a handgum in the face of the clerk while the other grabbed money from the cash register. The Stoughton Police alerted the neighboring town of Brockton about the armed robbery and reported that one perpetrator was wearing a green top and the other was wearing a black pullover sweatshirt.
Officers Donahue and Williams, two Brockton Police Officers just over the Stoughton line heard the broadcast. Within twenty minutes they observed a car parked at a dumpster behind a Christy’s Market one or two miles from the Christy’s where the armed robbeiy occurred. The police officers pulled up behind the car, and noticed that one of the occupants of the car had his foot outside the vehicle. Officer Williams, one of the police officers on the scene, turned on the overhead lights on his police cruiser. He observed five young black males in the car. One of the occupants was wearing a black sweatshirt and the other was wearing a green sweatshirt. As the car began to leave the area, Officer Williams turned on his blue lights signalling the car to stop. The officers approached the vehicle and asked the occupants where they were coming from. They did not respond. At that point the occupants were asked by the officers to show their hands. When assistance arrived at the scene, the young men were asked to step out of the car. Two handguns and several ski masks were found.
The five young men, the defendants, were each charged with armed robbeiy, conspiracy, and possession of handguns in Norfolk County and indicted. Two of the five, Spinola and Barbosa, were also charged with possession of handguns in Plymouth County District Court. After an evidentiary hearing on the motion to suppress brought by Spinola and Barbosa in Brockton District Court, the motion was denied. An interlocutoiy appeal sought by them was denied. Spinola and Barbosa were tried in the Brockton District Court and found guilty on the charges of possession of handguns on March 25, 1998.
*356 All five defendants intend to file motions to suppress in the Norfolk County Superior Court in this case contesting the same vehicular stop that was the issue of the motion to dismiss heard and denied in the previous case in Brockton District Court.
DISCUSSION
It is well settled that the doctrine of collateral estoppel is applicable in the criminal context. Ashe v. Swenson, 397 U.S. 436, 443 (1970). Collateral estoppel stands for the principle that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Id. Generally, collateral estoppel is relevant in criminal cases as a part of the guarantee against double jeopardy under the Fifth Amendment to the United States Constitution and applicable to the states through the Fourteenth Amendment. Commonwealth v. Allain, 36 Mass.App.Ct. 595, 597 (1994), citing, Commonwealth v. Scala, 380 Mass. 500, 503-04 (1980). In this case, the Commonwealth argues that because two of the defendants presented motions to suppress which were denied in a previous action in the Brockton District Court, with regard to the vehicular stop that is the issue of the motions to suppress to be presented before this court, all of the defendants involved in the vehicular stop must be estopped from bringing motions to suppress in this case. The Commonwealth relies on Commonwealth v. Moore, Civil No. 94-226-241 (Worcester 1993), and Commonwealth v. Vazquez, 426 Mass. 99 (1997). However, the Commonwealth’s reliance on these two cases is misplaced.
In Moore, the same three defendants sought to bring a second motion to suppress in Norfolk Superior Court regarding an issue that was previously heard and decided in Worcester Superior Court. Civil No 94-226-241. In that case, the issues in both actions were the same and the defendants estopped in the second proceeding were all parties to the previous litigation. That is not the case here. Only two of the defendants in this case were parties to the previous action and brought motions to suppress in that case. More importantly, it appears that the defendants in Moore were tried on charges of armed robbery in both courts. In this case, the defendants were tried in Brockton District Court on charges less serious in nature than the charges they presently face before this court. Therefore, issues of fairness, not before the court in that case, must be considered with regard to these defendants.
In Vazquez, a defendant, one year after a motion to suppress was brought by his codefendants and allowed by the district court judge in that case, brought a separate motion to suppress before the same district court judge based on the same set of events. The judge decided the motion without an evidentiary hearing, incorporating his findings from the codefendants motion to suppress which was previously before him. Collateral estoppel was not applied in that case. The judge simply incorporated his findings from the previous motion to suppress into the decision with regard to Vazquez because his motion was based on the same set of facts related to the court with regard to the first motion. Thus, that case has no application here.
In order for a suppression hearing to have preclusive effect, five requirements must be met. See U.S. v. Levasseur, 699 F.Supp 965, 980 (D.Mass 1988). First, there must be an identity of issues in the two proceedings. Id. Second, the defendant must have vigorously and thoroughly litigated the issue in the previous proceedings. Id. Third, the defendant estopped must have been a party to the previous litigation.[1] Id. Fourth, the applicable law must be identical in both proceedings. Id. Finally, the first proceeding must result in a final judgment on the merits that provides the defendant the opportunity to appeal.[2] Id. However, where a defendant lost a suppression hearing in a previous matter involving charges that were relatively minor compared to the present charges, courts should hesitate to apply collateral estoppel. Id.
Before the doctrine of collateral estoppel can be used offensively, however, the fact finder should be afforded wide discretion in determining whether to do so would be fair to the defendant.[3] Bar Counsel v. Board of Bar Overseers, 420 Mass. 6, 9 (1995), citing Whitehall Co. v. Burletta, 404 Mass. 497, 502 (1989). The Restatement Second of Judgments §29 sets forth eight considerations for a judge to consider in determining fairness. One of those considerations is that “other compelling circumstances make it appropriate that the party be permitted to relitigate the issue.”
I. Defendants DaRosa, DosSantos & DeJesus
With regard to defendants DosSantos, DaRosa and DeJesus, it is clear that the doctrine of collateral estoppel cannot be applied. These defendants were not parties to the previous action in the Brockton District Court and thus, cannot be estopped from bringing motions to suppress in the present case. None of the five requirements set forth in Levasseur, 699 F.Supp at 980, have been satisfied. It is immaterial that the stop at issue in this case was previously the subject of a motion to suppress heard and denied in the Brockton District Court. To deny these defendants the opportunity to bring a motion to suppress in this case would prevent the defendants from exercising their rights to confront the witnesses against them and to due process of the law under both the United States Constitution and the Massachusetts Declaration of Rights. Most importantly, however, it would deny them the right to a fair trial.
II. Defendants Barbosa & Spinola
With regard to the defendants Barbosa and Spinola, all five requirements set forth in Levasseur, 699 F.Supp at 980, have been satisfied. The issue that the defendants intend to bring before this court, whether the vehicular stop was permissible, is the same issue *357 that was before the Brocton District Court. That issue, which was fully litigated before the Brockton District Court, resulted in a final judgment against the defendants. At that time, the defendants were provided the opportunity to appeal. The defendants in this case, Barbosa and Spinola, are the same defendants that were parties to the case in the Brockton District court; and, the law to be applied by this court, with regard to the motion to suppress, is the same law that was applied in the Brockton District Court. Because, however, collateral estoppel is sought to be applied offensively against the defendants in this case, the issue of fairness must be considered.
In light of the fact that the defendants Barbosa and Spinola face more serious charges before this court, including armed robbery and conspiracy, when compared to the considerably less serious charges of possession of a hand gun that they faced in the Brockton District Court, it is the opinion of this court that fairness requires that the defendants be permitted to bring their motions to suppress. See Levasseur, 699 F.Supp. at 980. Thus, although all five of the requirements set out in Levasseur, 699 F.Supp. at 980, have been satisfied in this case with regard to defendants Barbosa and Spinola, collateral estoppel will not be applied against them to prevent them from bringing a second motion to suppress.[4]
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion of the Commonwealth to order the defendants motion to suppress denied be DENIED.

As a general rule, “judgments in criminal cases bind only the parties thereto that is, the Commonwealth and the defendant . . . they are res inter alios in criminal prosecutions against other defendants." See Commonwealth v. Tilley, 327 Mass. 540, 548 (1951). The federal law doctrine of nonmutual collateral estoppel does not apply to criminal cases. Commonwealth v. Cervaney, 387 Mass. 280, 284 (1982).

See DiGiangiemo v. Oligiatti, 426 U.S. 950 (1976), where the court assumed without discussion that a ruling resulting from a motion to suppress is a ruling on an issue of ultimate fact.

Offensive collateral estoppel occurs when a plaintiff seeks to prevent a defendant from litigating issues which the defendant has previously litigated unsuccessfully in an action against another party. See Aetna Cas. & Sur. Co. v. Niziolek, 395 Mass. 737, 745 (1985).

Under Mass.R.Crim.P. 13(a)(5), upon a showing that substantial justice requires, a judge may permit a pretrial motion that has been heard and denied to be reheard.